# JANE E. McDANIEL *vs.* MARY C. McDANIEL.

*Wills—Caveat—Finality of Judgment of Orphans' Court.*

When issues involving the validity of a will have been submitted to the Orphans' Court by plenary proceedings, without asking for the trial of the same in a Court of Law, the decision of the Orphans' Court upon the issues is final and conclusive upon all persons, whether parties to the proceeding or not, unless reversed on appeal, the jurisdiction of that Court in the premises being conferred by *Code*, Art. 93, sec. 330.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE and BOYD, JJ.

*George G. Hooper*, for the appellant.

The appellant contends that it was her legal right to have the issues set forth in her petition and caveat tried before a jury, and that she was not bound by the proceedings had in the Orphans' Court on the caveat and petition of Thomas McDaniel, to which she was not a party. *Keene* v. *Corse*, 80 Md. 22 ; *Price* v. *Taylor*, 21 Md. 363 ; *Mills* v. *Humes*, 22 Md. 346 ; *Diffenderfer* v. *Griffith*, 57 Md. 81 ; *Sumwalt* v. *Sumwalt*, 52 Md. 338 ; *Munnikhuysen* v. *Magraw*, 57 Md. 172 ; *Hignutt* v. *Cranor*, 62 Md. 216. That the Orphans' Court had no power to admit the alleged will to probate until the caveat had been disposed of. *Keene* v. *Corse*, 80 Md. 20.

*Robert Biggs* (with whom was *Harvey H. Rouzer* on the brief ), for the appellee.

The appellee contends that when issues as to the validity of a will are made up *by petition and answer under oath,* and have been passed upon by the Orphans' Court after a full hearing of all the evidence adduced by caveator and caveatee, the decision of the Court as to the issues submitted is

final, conclusive and binding, not only as to the actual parties, caveator and caveatee, but as to all the world. The Orphans' Court is vested with full jurisdiction to hear and decide caveats to wills, and is the primary tribunal created by statute for that purpose. *Code*, Art. 93, sec. 330. And while it is a right of either party to a caveat to have issues framed and sent to a Court of Law for trial, if they do not elect to do so, but submit to have the issues tried by the Orphans' Court; the findings of the Court upon the issues will have the same binding effect as to those issues as a finding by a jury. *Warford* v. *Colvin*, 14 Md. 557.

We concede that the same caveator or any other person in interest is entitled to file successive caveats if they present new issues not fully tried in the preceding caveat, but we claim that the same issue cannot be tried twice either on the application of the same caveator or any other person. This question was first before this Court in *Pegg* v. *Warford*, 4 Md. 393. The Court says: "Under the Act of 1798, at any stage of the proceedings, before final adjudication, either party may require an issue and the Court is not at liberty to refuse it. From this it follows, that even after the finding of a jury on issues, a party in interest can require another issue or issues in regard to facts not covered by those pronounced upon" * * * "No issue can be granted which substantially embraces the same question that has been pronounced upon by the jury for their findings upon it is conclusive and binding upon the whole world." * * "As a consequence of this, where, on the application of one party an issue is transmitted to a Court of Law for trial, the granting, on the application of another party, of substantially the same issue to be tried before another jury is a mere nullity—a void act."

In *Warford* v. *Van Sickle*, 4 Md. 399, the late Mr. Merrick contended in his brief that the law gives any person the right to caveat a will, and on a contest to demand issues that he had done so within the proper time, and before the rendition of a verdict on issues previously granted

to another caveator, and before the final judgment of the Orphans' Court upon the will. But this Court held, "that so far as these (the issues asked by Mr. Merrick) are substantially the same as any of those previously granted, the awarding of them was a void act." See also *Worthington* v. *Ridgely*, 52 Md. 355; *Worthington* v. *Gittings*, 56 Md. 545; *Tabler* v. *Tabler*, 62 Md. 613.

Briscoe, J., delivered the opinion of the Court.

The record in this case contains two appeals, but as they present the identical question, we will consider them together. It appears that on the 26th of April, 1897, Thomas A. Mc-Daniel filed a petition and caveat to the will of his sister, Mary E. McDaniel, in the Orphans' Court of Baltimore City, asking that her will should not be admitted to probate. *First*, because at the time of signing the paper the deceased had not the requisite testamentary capacity. *Secondly*, because the execution of the alleged will was procured by the undue influence and control of one Mary C. McDaniel. *Thirdly*, because said will was not attested and executed according to law.

On the 4th of May, 1897, Mary C. McDaniel, a sister, filed her answer to the petition and caveat, alleging that the will was executed in due form of law and denying that the execution was procured by any undue influence exercised or practiced by her or any one else upon her mother, and that at the time of its execution the testatrix was of sound and disposing mind, memory and understanding and capable of executing a valid deed or contract. On the 9th of June, 1897, the case was submitted to the Orphans' Court, and after a hearing of the evidence and an argument decided in favor of the caveatees, and dismissed the petition and caveat. There was no appeal from the order thus passed, but on the same day, Jane E. McDaniel, another sister of the testatrix, filed a petition and caveat to the same will, alleging practically the same grounds for caveat as had been passed upon by the Court in the previous case, and asking that these

issues be sent to a Court of Law for trial. This petition was duly answered by the appellees and upon hearing was dismissed, and from these two orders, one · dismissing the petition and caveat and the other admitting the will to probate, these appeals have been taken.

. The question thus presented, seems to us to be a narrow one, and one which has been substantially disposed of by previous decisions of this Court. There can be no question that by section 330 of Art. 93 of the Code, the Orphans' Courts of this State are given jurisdiction to decide caveats to wills, and when issues involving the validity of a will have been properly submitted and fairly passed upon, the decision of the Court as to those issues must be final and binding, unless reversed on appeal.

It is true that either party to a caveat has the right to have issues sent to a Court of Law for trial, but when they submit to have the issues tried by the Orphans' Court, as was done in this case, the decision of that Court upon the issues thus presented, is binding and conclusive upon all persons whether actual parties or not. In the case of *Warford et al., Lessee*, v. *Colvin*, 14 Md. 557, this Court said, that a case heard and determined by submission to the Court is as effective as an estoppel as if passed upon by a jury. And to the like effect are the more recent cases of *Worthington* v. *Ridgely, Jr.*, 52 Md. 335; *Worthington* v. *Gittings*, 56 Md. 545; *Tabler* v. *Tabler*, 62 Md. 613.

It therefore follows, that the Orphans' Court of Baltimore City committed no error in passing the orders appealed from, and they will be affirmed with costs.

*Orders affirmed with costs.*