## LEONORA BIGGS ET AL. *v.* CATHERINE RAUCH ET AL.

[No. 33, April Term, 1940.]

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*John T. Tucker,* with whom were *Carman, Tucker & Anderson* on the brief, for the appellants.

*Paul R. Hassencamp,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Baltimore City dismissing a caveat to a codicil to the

will of Francis S. Biggs, deceased, and admitting the same to probate.

The petition, which was filed by Leonora L. Biggs, the widow, and Antoinette Biggs Davis, the daughter, of Francis S. Biggs, who died November 14th, 1939, stated that Mrs. Davis was the only child or descendant of a deceased child; that the decedent left a will dated January 29th, 1938, by which provision had been made only for his wife and daughter, and alleged that it was a valid will; that there has been filed also in said court a paper writing dated September 29th, 1939, purporting to be a codicil to the decedent's will; that the only persons mentioned in the codicil as legatees or devisees were Catherine Rauch, Edna Rauch, Elizabeth Rauch, Eutha Rauch, Ethel Rauch and Mary Webster Mister; then follows paragraph 5 which contains the only issue, which charged that, at the time of the execution of the alleged codicil, the said Francis S. Biggs was not of sound and disposing mind, etc., and not capable of executing a valid deed or contract, and should not, therefore, be admitted to probate.

Citations were issued for all of the beneficiaries under the allegel codicil, and answers filed by all, except Ethel Rauch, who is an infant, nineteen years of age, for whom an answer in the usual form was filed by her mother, Catherine Rauch, as guardian *ad litem*. Catherine Rauch, Eutha Rauch, Elizabeth Rauch and Edna Rauch, all filed answers admitting the allegations of the first four paragraphs, but neither admitted nor denied the charge of mental incapacity, but each of them added: "This caveatee hereby consents, subject to the approval of the court, to an order of court declaring that the codicil to the last will and testament of Francis S. Biggs, deceased, is invalid for the reasons set forth in said petition and caveat, and rejecting the same for probate." Mrs. Mister's answer admitted all of the allegations of the petition, and consented to an order declaring the codicil invalid.

The codicil, dated September 29th, 1939, was written by the decedent himself and gave to each of his "friends, Edna & Elizabeth & Eutha & Ethel Rauch Rauch and Eutha & to their mother Mrs. Catherine Mister Rauch & to my friend Mrs. Mary Webster Mister the sum of one thousand dollars each in cash." It was signed by him and witnessed by Catherine Rauch and Mary Webster Mister, two of the beneficiaries.

He was attended, from January, 1939, until he died, by Dr. Wetherbee Fort, who testified to his unfitness to make a will. The patient's trouble was deterioration, mentally and physically, from the infirmities of age—he was 83— which rapidly increased from July, 1939, until his death, when he required much more attention than in the first six months of Dr. Fort's service.

He went to board at the home of Mrs. Catherine Rauch, at Woodlawn, in Baltimore County, in the summer of 1939, where he had two nurses, the day nurse was Miss Elizabeth Rauch, the night nurse Mrs. Mister, whose hours were 7:30 P. M. to 7:30 A. M. She said his usual bed time was 7:30. On the evening of September 29th "he said he had written a codicil to his will and wanted me to sign it. He refused to go to bed, stayed up for two hours, and I signed it to co-operate with the patient; (*Williams v. Lee,* 47 Md. 321) * * * he had me call Mrs. Rauch to have it signed by her also, and I called her to get Mr. Biggs to bed, because he sat up over two hours over his usual time. * * * I didn't know it could be a valid will, or I wouldn't have signed it, because I knew Mr. Biggs wasn't mentally fit to write a codicil; I mean he was irrational more times than the balance of the time when he was rational." At the time he wrote the codicil "I would say he wasn't responsible." Although there was no evidence to the contrary, and the five adult beneficiaries had repudiated the codicil, the Orphans' Court dismissed the petition and ordered it probated. The questions and comments of the judges during the hearing indicated that because the decedent wrote the codicil, he was of sound mind, memory, and understanding, capable

of executing a valid deed or contract. The effect of this action, if sustained, would be that all one had to do to make a valid will would be to write it himself.

No question of jurisdiction, or of the right of the Orphans' Court to hear the case was raised. It is conferred by the Act of 1798, ch. 101, carried through to Code, art. 93, sec. 356, and the decision is final and binding unless reversed on appeal. *McDaniel v. McDaniel,* 86 Md. 623, 626, 39 A. 423; Code, art. 5, sec. 64; *Macgill v. McEvoy,* 85 Md. 286, 37 A. 218.

For the reason that all of the evidence supports the petition, and none denies or contradicts it, the order appealed from should be reversed.

*Order reversed and case remanded, costs to be paid out of the estate.*