(Decided November 16th, 1898.)

---

ARCHIBALD McCAMBRIDGE *vs.* JOHN H. WAL-RAVEN, Executor of John A. McCambridge.

*Probate of Will after Contest — Revocation of Probate — Fraud in Obtaining Verdict — Collateral Attack on Probate — Amendment of Petition — Laches.*

When probate of a will has been granted after a verdict sustaining the will upon issues tried under a caveat, no other persons can caveat the will upon the same grounds, although not parties to the former proceeding, unless the order admitting the will to probate has been rescinded.

The probate of a will after contest can be set aside only by direct proceeding upon allegation and proof that the verdict was obtained by fraud and collusion. And in such proceeding all the persons participating in the fraud should be made parties.

Where probate has been granted after a caveat and the trial of the issues, another person who files a caveat to the will

upon the same ground, cannot, by the amendment of the petition, ask to have the order admitting the will to probate revoked, because that is not the direct proceeding that is requisite, but only a collateral attack and the petition involves other questions.

An application to strike out a judgment admitting a will to probate after contest, on the ground of fraud, must be made within reasonable time after the discovery of the fraud. A delay of a year is too great unless good reasons are shown to excuse the same.

In the Orphans' Court the defence of laches to the relief asked for may be raised by motion to dismiss the petition.

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, BOYD and PEARCE JJ.

*Thomas R. Clendinen,* for the appellant.

*William S. Bryan, Jr.* (with whom were *E. N. Rich* and *Walraven & Schirm,* on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

The appellant filed a caveat to the will of John A. McCambridge, which had been admitted to probate by the Orphans' Court of Baltimore City and asked that issues be framed and sent to a Court of law for trial. The appellee filed an answer alleging that John McCambridge and others had filed a caveat to the will on the same grounds that were assigned in the one filed by the appellant and that issues were duly framed and sent to the Baltimore City Court, a trial of which resulted in a verdict in favor of the will, and the verdict having been certified to the Orphans' Court of Baltimore City, judgment was finally entered thereon sustaining the will upon all the issues. The appellant then filed another petition asking leave to amend his caveat theretofore filed, by inserting the allegations therein made. In the proposed amendment it was admitted that the issues

were framed and sent to the Baltimore City Court under
the caveat of John McCambridge and others, upon
grounds similar to those asked for by the appellant, but
it was charged that a settlement was had without trial
in accordance with an agreement between the caveators
in that case and the appellee, which is set out in full,
by which it was provided that the caveators should re-
ceive certain sums of money and that a verdict should
be taken for the defendants. It is then alleged that a
verdict was obtained from the jury in the Baltimore
City Court, under that agreement, by collusion and con-
sent of the defendants and that it was not in fact and
in law the verdict of the jury rendered after the evidence
had been submitted to them; that the Orphans' Court
was kept in ignorance of the facts, was deceived and led
to pass the order admitting the will to probate in the
belief that the proceedings were real and not pretended,
and that under such circumstances neither the verdict
nor the certificate of the Baltimore City Court, nor the
order of the Orphans' Court constitutes any defence or
any obstacle which could prevent the petitioners from
having the matters of this controversy tried in the usual
way. The appellee made a motion to dismiss the peti-
tion and caveat, and on the day of the hearing the ap-
pellant inserted in his petition, as proposed to be
amended, a prayer to set aside, strike out and rescind the
order passed by the Orphans' Court admitting the will
to probate, and to determine and declare that the pro-
bate thereof is not effective, but the Court refused to
allow the amendment and passed an order refusing the
issues and dismissing the petition and caveat of the
appellant. From that order this appeal was taken.

It is well established in this State that when issues,
sent to a Court of law at the instance of one interested
party, have been tried and a verdict has been rendered
sustaining the will, which is duly certified to the Or-
phans' Court and probate granted in pursuance thereof,
other persons cannot have issues framed embracing sub-
stantially the same questions, although they were not
parties to the prior proceedings. *Worthington* v. *Git-*

*tings,* 56 Md. 542; *Pegg* v. *Warford,* 4 Md. 385. If this were not so, estates would often be consumed by costs and there might be conflicting verdicts rendered by different juries on the same questions. One jury might sustain a will while another might decide the issues against its validity. Our present practice in testamentary matters is sometimes not as free from confusion and uncertainty as is desirable, but to permit a practice that might have such results as those would lead to endless trouble.

It is true, however, that parties interested are not precluded from impeaching the probate of a will by reason of the fact that there has been a previous trial, if there has been fraud and collusion in obtaining a verdict on the issues (*Worthington* v. *Gittings, supra*), and it has been held by this Court that the Orphans' Court can, on proper allegations and proof, set aside a judgment based on a verdict rendered in a Court of law on issues sent to it by the Orphans' Court, when there has been fraud and collusion in obtaining the verdict. *Munnik-huysen* v. *Magraw,* 57 Md. 172. But it was also held in *Worthington* v. *Gittings,* that in order to procure the revocation of the probate of a will, taken in solemn form, there must be a " direct application for that purpose, and the fraud or collusion, with all the particulars, must be distinctly charged, as also the manner in which the Court was misled or imposed on; and such allegations must be fully and clearly supported by proof. The application must, moreover, be made within a reasonable time after the discovery of the facts which are supposed to establish the fraud; for if there be any unnecessary or unreasonable delay in making the application, the right to make it will be considered as waived." Whilst it must be conceded that proceedings in the Orphans' Court are not and need not be conducted with all the technical formalities that are usually required in Courts of law, there must be some regard for the form of the proceedings, even in that Court. It would be going a great way, and would have a tendency to confuse rather than simplify, to hold that a judgment of the Orphans'

Court can be set aside at the instance of those not parties to it in a proceeding instituted to caveat a will, which has been previously sustained by that judgment, and yet that is exactly what is attempted in this case. The petition for leave to amend reads: " your petitioner now asks leave to amend his caveat heretofore filed," etc., and in that proposed amendment the prayer to rescind the order admitting the will to probate was subsequently inserted—being in the language of the Court below " tacked to his said petition for leave to amend." It cannot be correctly said that such a proceeding is a " direct application " for the purpose of having the judgment on the verdict rescinded, but it is distinctively a caveat and application for issues. The petition is the basis for the action of the Orphans' Court and it seeks to have two entirely separate and distinct proceedings conducted under it. Its primary object was to caveat the will and have issues framed, and that being impossible, whilst the judgment on the verdict on the former issues remained in force, it is sought to remove that obstacle in the same proceeding. Manifestly that is an effort to attack collaterally what can only be successfully impeached by a direct application. When the verdict on the issues was certified to the Court, being regular on its face, the Orphans' Court was compelled to enter judgment in conformity with it. *Sumwalt* v. *Sumwalt,* 52 Md. 338. And as the Court had no power to have the same issues tried whilst the judgment stood, even at the instance of another caveator, the judgment must necessarily be stricken out before it could entertain an application for similar issues. It was said in *Worthington* v. *Gittings,* " probate having passed and letters been granted, after contest involving the validity of the will, no further proceeding in the Orphans' Court touching that question can be had, unless the probate were first revoked for fraud or collusion, upon proper proceeding taken for that purpose." Such being the case it must follow that the application to strike out the judgment should be by a separate proceeding—one in which the parties interested in it are not required to try other and

distinct questions. In the one instance the question to be determined is whether the judgment is valid, whilst in the other it is simply whether the appellant is entitled to have issues framed and sent to a Court of law. In the former all the parties alleged to have been in collusion and to have perpetrated a fraud on the Court ought to be made parties, as was held in *Munnikhuysen* v. *Magraw, supra,* where it was said that if any legal mode of reaching the parties by publication (they being non-residents) had been authorized, it would have been proper to resort to it, but the law then made no such provision and the Court held that notice to the counsel of record would be sufficient, if the parties could not be summoned. Since that case was decided the Act of 1892, chapter 275, was passed, which authorizes process by summons, order of publication, or attachment to compel appearance in all cases of controversy in the Orphans' Court, but whether or not there could be a valid service of process on the parties to this alleged fraudulent verdict and judgment, the proceedings should be directed against them and they or their attorney should be permitted to appear. But in the caveat proceeding the executor may be made the sole party defendant—the will having been probated. *Little Sisters of the Poor* v. *Cushing,* 62 Md. 416. Thus by permitting these two proceedings to be conducted under one petition we would not only have distinct and independent questions to be considered thereunder, but would have some defendants who need not be parties to the one question but should be to the other. The practice in the Orphans' Courts of this State, free as it is from technicalities, does not permit such a total disregard for orderly proceedings as there must be to justify the blending in one petition of two such separate and distinct matters. The Orphans' Court was therefore right in not permitting the amendment to be made, which sought to insert the prayer to rescind the order admitting the will to probate in the caveat and application for issues, and being of the opinion that they were right in that, it is unnecessary for us to determine how far this Court has the power to review the refusal of the Court to permit such an amendment.

The fact being conceded that the issues were the same
as those already passed upon, and the judgment being
still in force, there was nothing left for the Orphans'
Court but to dismiss the petition. In *Worthington* v.
*Gittings,* after referring to section 320 (now 332) of
Art. 93 of the Code, in reference to wills admitted
to probate without contest, the Court said on page 547:
" The plain implication from this is, if there has been
a *contest* in regard to the validity of the will, and that
contest has been decided in favor of the validity of the
will, and the will has been, after such contest, admitted
to probate, and letters granted, the Orphans' Court is
without further power or jurisdiction to hear or decide
the question of the validity of the will. The same ques-
tions having been once raised and decided in regard
to the validity of the will, they cannot be repeated,
though at the instance of different parties." In that
case the facts were very similar to those before us. The
appellants filed a petition and caveat to the will in con-
troversy on substantially the same grounds as those on
which issues had been tried under previous caveats, but
the petition did not refer to the previous caveats and the
proceedings thereon which had resulted in admitting the
will to probate. The respondents in their answer set
up those facts and then the caveators in what they called
a replication denied the validity of the plenary proceed-
ings and the alleged finding of the jury thereon, and
alleged that it was procured by agreement and fraudu-
lent concert between the parties without any *bona fide*
trial of the issues. The principal difference between
that case and this is that in the former the allegations
were made in what the petitioners called a replication,
while this appellant sought relief on the ground of fraud
and collusion by amendment to his original petition.
The Court in that case clearly stated how relief could
be obtained under such facts as those alleged as we
have quoted in the former part of this opinion, and, by
affirming the order dismissing the caveat, in effect neces-
sarily determined that the former judgment could not
be set aside under that proceeding but only by a direct
application for that purpose.

But if the alleged application to strike out the judgment had not been defective for the reasons we have already given, the Orphans' Court was right in refusing it on another ground.   As was said in *Worthington* v. *Gittings,* the application must be made within reasonable time after the discovery of the facts that are supposed to establish the fraud.   The caveat was filed by the appellant on the 7th day of May, 1897, and the answer setting up the former caveat was filed on the 17th of that month.   The application to amend the petition, so as to insert a prayer to set aside, strike out and rescind the order admitting the will to probate was not made until April 4th, 1898.   There is no suggestion that the appellant had only recently come into possession of the facts that are supposed to establish the fraud, nor is there any reason assigned for not making the application sooner.   Now, whilst this Court declined in *Munnikhuysen* v. *Magraw,* 57 Md. 186, to strictly apply in cases where fraud is alleged the rule laid down in *Redman* v. *Chance,* 32 Md. 52, that a party seeking to set aside an order or judgment must institute proceedings within the time limited for appeals after he has knowledge of the order or judgment, yet if in point of fact the appellant knew at the time or soon after the answer of respondents setting up the former proceeding was filed, the facts he now alleges, he ought to have attacked the judgment before April 4th, 1898, or at least to have accounted for the delay.   He should not be permitted to wait for nearly a year, after having such knowledge, to make such application and if he was in ignorance of the facts he should have so stated.   The general rule being that an application to strike out a judgment must be made within the time allowed to take an appeal after knowledge of the facts relied on; when a party makes application for relief at such a late period as on its face indicates unreasonable delay, he should inform the Court when he acquired his information and give good reasons for his delay, if without such explanation the delay would be fatal to his application.   If he seeks to bring himself within the exception made in cases of fraud, he

should state in his petition or other proceeding such facts as will at least acquit him of laches. As we have seen, the appellant had notice by the answer of the appellee filed May 17th, 1897, if he was not previously aware of the fact, that a verdict had been rendered on the 14th day of October, 1896, sustaining the will, and if the alleged fraud was known to him then, he could not wait until April 4th, 1898, before instituting proceedings to set the judgment aside without properly accounting for the delay, and if his knowledge as to the alleged fraud was acquired at a time so recent before his application as not to impute laches he should have stated that fact.

The rule in Equity Courts is that where there has been apparent laches in the prosecution of the suit it is incumbent upon the plaintiff in order to repel the presumption of laches or unreasonable delay, to set up in the bill the reasons why the suit was not brought sooner, and if there be circumstances which will excuse or explain the laches or bring the case within any exception, it is necessary that such excuse or explanation be stated in the bill. 12 *Ency. of Pl. and Pr.*, 834. In this State this rule has been adopted and the objection can be raised by demurrer to the bill. *Noble* v. *Turner*, 69 Md. 519; *Belt* v. *Bowie*, 65 Md. 350. It is quite as important to enforce such a rule in proceedings of this character in the Orphans' Courts and as it is not the practice in that Court to raise such questions by demurrer it can well be done, as in this case, by a motion to dismiss the petition. Of course the Orphans' Court can, where it is proper, prevent injustice from being done by allowing an amendment, but the amendment proposed in this case fell far short of what the practice we are now discussing requires, and we think the Court was right in dismissing the petition for this reason, as well as others we have given, and its order must be affirmed.

*Order affirmed, costs above and below to be paid by the appellant.*

(Decided November 16th, 1898.)