## RICHARD H. PLEASANTS *vs.* WILLIAM O. McKENNEY ET AL.

*Wills—Caveat—When Executor Not Necessary Party to Proceeding—Petition Alleging Verdict of Jury Under Caveat to Be Result of Collusion.*

The executor named in a will is not a necessary party in his individual capacity to the trial of issues under a caveat filed to the will before the probate thereof, but he is a proper party, and has the right to be made a party to the proceedings if he desires to defend the will.

An administrator *pendente lite,* appointed after the filing of a caveat to a will, is not a necessary party to the trial of the issues under the caveat.

Under a caveat filed to a will offered for probate, the executor named therein was made one of the caveatees, and answered the petition for the caveat denying its allegations relating to the *factum* of the will. Subsequently, the caveators filed an order dismissing the caveat as against the executor. Some months afterwards, issues under the caveat were sent to a Court of law for trial, and the verdict of the jury was that the will had been revoked after its execution. The executor then filed a petition alleging that the trial of the issues had been had without any notice to him; that he was a necessary party; that there had been no real contest, but the proceedings were the result of collusion, and he prayed that the verdict be not acted upon. These allegations were denied by the respondents, but no testimony was taken to support either the petition or the answer. From an order of the Orphans' Court dismissing this petition and refusing probate of the will in accordance with the verdict of the jury, this appeal was taken. *Held,* that since the petition does not allege that the verdict was obtained by fraud, and does not set forth the particulars of the collusion alleged, and since the executor made no effort to be reinstated as a party to the proceedings

under the caveat after his dismissal therefrom, he is not now entitled to impeach the finding the jury.

*Decided January 13th, 1909.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Worthington and Henry, JJ.

*John E. Semmes* and *Richard H. Pleasants* (with whom were *Jesse N. Bowen* and *John E. Semmes, Jr.,* on the brief), for the appellant.

The whole proceeding was without any notice whatsoever to the appellant, and therefore the proceedings of the Orphans' Court on issues sent to the Court of law were a nullity, because as is disclosed by the record, they were had after the appellant had appeared and become a party to the proceedings in the Orphans' Court, that then his name was stricken out as a party to the said proceedings improperly and improvidently. Thereafter the issues were framed entirely without notice to him, he had no opportunity to object to the transmission thereof, or to have counsel present at the trial; that the first notice brought to him of a continuance of the proceedings in this case was the rendition of the judgment in the Court of law. He then pursued the only method left open to him, namely, to petition the Orphans' Court not to act upon the findings of the law Court.

The above action on the part of the parties to the caveat we contend was the result of collusion and fraud, and the appellant was subject to a complete surprise in the premises, being entirely without notice of the proceedings. This allegation is set forth under the fifth clause of appellant's petition, which states:

"That after said refusal (referring to the refusal of the appellant to become a party to the agreement to set aside the will), your petitioner was eliminated by the method shown

by the record, namely, the caveat was dismissed as to himself, and all the proceedings, thereafter, were had without notice to him and without notice to the only one who was proper to contest or resist the agreement to do away with the will, and your petitioner charges, therefore, that the entire proceedings were the result of collusion."

We therefore contend that the Orphans' Court erred in acting against the protest of the appellant upon the certification of the findings of the jury upon the issues submitted upon their order, passed on the 15th day of October, 1907—

(1) Because the parties who are required by law to be the parties plaintiff and defendant were not made parties plaintiff and defendant.

(a) The appellant, Richard H. Pleasants, who is named as executor in the will of June 25, 1897, was properly named as caveatee.

It is a well settled principle of law that an executor derives all his interest from the will, and the probate is only the legitimate evidence of this interest (*Decker* v. *Fahrenholtz,* 107 Md. 515; 23 *American and English Encyclopaedia of Law,* 2nd Edition, 136; 2 *Gill & Johnson,* 80). He is the person named in the will to carry out the wishes of the testatrix, the person in whom she reposed the greatest confidence. Furthermore, it is his duty to see that the will is filed for probate. *Briggs* v. *Dillard,* 104 Md. 411.

In *Schull* v. *Murray,* 32 Md. 9, the Court says: "The will has not been admitted for probate, no letters have been granted to him, and the very question at issue was, whether he would be the executor or not, he was named executor in the paper whose existence and validity as the will was the subject of dispute, and merely stood in the proceedings as a party caveatee, whose interest and perhaps whose duty it was to sustain the instrument. He occupied no different relation to the proceedings than if he had been named as devisee or legatee in the will, and for that reason had been made a party caveatee."

The Court above stated that the executor is in no different

position than a legatee, and he is, therefore, a necessary party defendant to the caveat. For it was held in *Little Sisters of the Poor* v. *Cushing,* 62 Md. 416, that although the legatee is not the proper party *after* probate, for the executor in such a case is considered to represent all legatees; still the situation is entirely different *before* probate, that is, all legatees are necessary parties. The Court says: "He (the executor) is the proper representative of the legatees in all legal controversies. *Before* the probate of the will the position of legatees is essentially different."

·It is true that the very existence of his executorship depends upon the validity of the will which is being contested, but should this will be held to be *valid,* the time of his executorship relates back to the date of the death of testator, and any expense incurred by him in counsel fees, etc., in defending this will, will be allowed to him by the Court. *Ex parte Young,* 8 Gill, 285; *Tilghman* v. *France,* 99 Md. 611.

If, however, the caveat is sustained, no such fees could be recovered. Not only do we respectfully submit he was the executor named in the will, and as such, therefore, a necessary party defendant; but unless he can be considered to have represented the interests of certain residuary legatees, namely, the children of George G. McKenney, they were entirely without representation in Court.

By the fifth clause of the will of the testatrix, a life interest was given to George G. McKenney, one of the caveatees, with the remainder over to his child or children, if any should survive him. Here, therefore, we have a case whereby estates in remainder to born or unborn children are given, and where there is an attempt to ex'end a life interest to an absolute interest and cut out these born or unborn children.

No Court would countenance such a proceeding, unless the unborn children are properly represented (*Munnickhuysen* v. *Magraw,* 57 Md. 187; *Emmert* v. *Stouffer,* 64 Md. 557; *McArthur* v. *Scott,* 113 U. S. 387). We contend that they had no representation in the case, except on the theory that where the appellant was named as caveatee, and he came in

by answer under oath defending the validity of the will, denying the allegations of the caveat, then might these unborn children be said to have had a certain representation in the case, although the proper procedure would have been to have some one named by the Court to represent them.

(b) The method of dismissal of the appellant as caveatee was irregular and contrary to law. Granting purely for the sake of argument that it had been possible for the case to have proceeded in the lower Court without the continuance of the appellant as caveatee, which we deny, the method pursued by the attorneys for the caveators in their attempt to dismiss the caveat as to the appellant was void.

The principle of law is well recognized that a plaintiff is not entitled without previous permission of the Court to dismiss his bill as against certain defendants. In the case at hand, after the appellant had gone in under oath and filed his answer to the petition of the caveators denying the various allegations of the said petition, thereby raising the issues of the case, and the only issues therein, for it is well settled law that being a plenary proceeding, founded on petition and answer, the presence of an answer to the proceedings, denying the allegations is *essential* to the framing of issues. After, therefore, the appellant had filed such answer, the caveators by the above form of notice, attempted to dismiss the petition and caveat as to the appellant without notice to the said appellant. *Miller on Equity,* par. 102, page 133; *Riley* v. *First Nat. Bank,* 81 Md. 27.

It has also been repeatedly decided in this State where a petition for a caveat to a will has been answered and issues *have been sent* to a Court of Law for trial, the caveator has no right to dismiss the proceedings without the consent of the Court; that the right of the plaintiff to discontinue the case after it has been instituted is not absolute. *Price* v. *Taylor,* 21 Md. 356; *Berry Will Case,* 93 Md. 560; *Bennett* v. *Bennett,* 106 Md. 122.

In the case at bar, although the caveators have not attempted to dismiss the proceedings entirely, but only as to the appel-

lant, yet, it is contended that inasmuch as the only answer in the case which denied the allegations of the petition was filed by the appellant, that a dismissal as to the appellant virtually amounted to a dismissal of the entire proceedings. This dismissal was, it is true, prior to the sending of the issue to the law Court, but after the appellant had answered fully, accompanied by affidavit, the petition filed against him, the case can be considered to fall under the principle of law above stated.

(2) Because the issues submitted for the findings of the jury were not the issues raised by the pleadings in the case.

(a) The only issues raised by the pleadings in the case were those raised by the answer of the appellant to the petition of the caveators. As has been set forth in the statement of facts, the only answer controverting the allegations made in the caveat was that filed by the appellant. The other caveatees, all heirs at law of the testatrix, can in no way be considered to have denied the allegations of the caveat, for they expressly stated in their answer under oath that they "neither admit nor deny these allegations," but consent to the passage of a proper order therein.

It seems hardly necessary to cite authorities to the effect that only in cases of *real* contest, in which there is an allegation on one side and a denial on the other, can the Orphans' Court frame issues. In the language of the Code, it is expressly stated that "The Orphans' Court may, in all cases of *controversy* therein, upon application of either party, direct plenary proceedings by bill or petition, etc., etc." *Public General Laws,* Code 1904, art. 93, sec. 253. See *Little Sisters of the Poor* v. *Cushing,* 62 Md. 416.

An issue is therefore formed by affirming a matter on one side, and *denying* it on the other. *Ward* v. *Poor,* 94 Md. 133; *Sumwalt* v. *Sumwalt,* 52 Md. 339; *Taylor* v. *Nuttle,* 62 Md. 143; *Emmert* v. *Stouffer,* 64 Md. 543; *Gross* v. *Busick,* 91 Md. 389.

From this array of authorities it is submitted that it cannot be questioned that the Orphans' Court has absolutely no

power to send issues to the law Court which are not the result of a *bona fide* dispute and controversy with regard to the matters brought out in the caveat. In other words, that the very object of allowing the Orphans' Court to advertise itself as to certain issues brought forward by the pleadings, is to do away with the possibility of raising such issues by the consent and collusion of the parties to the proceedings. In *Cain* v. *Warford,* 3 Md. 462, it is said: "It is not competent and proper to frame issues in a case where there is an entire agreement between the parties before the Court as to the facts alleged." See the *Magraw Case,* 57 Md. 190, which raises points almost identical with the case at bar.

The record in this case unmistakably shows that the finding of the jury in the law Court and the order of the Orphans' Court passed thereon were both entered entirely without the existence of any real contest, but that in reality the heirs at law, who were desirous of having the will set aside, controlled absolutely both sides of the controversy. This is evidenced by (1) the dismissal of the executor as a party; (2) the failure to make the children of George G. McKenney parties; (3) the failure of the remaining caveatees to deny the allegations of the caveat; (4) the waiver of appeal by the defendants in the law Court (the remaining caveatees); and (5) the agreement of both plaintiffs and defendants in the law Court to forthwith transmit the record to the Orphans' Court.

(b) Only the issues raised by the allegations in the original caveat could have properly been sent to the law Court.

The sixth issue submitted to the jury in the law Court, namely, as to revocation *vel non* of the will of the testatrix was not raised at all in the petition and answer, but was an extra or additional issue added by the caveators subsequent to the answer filed by the appellant. The only issues properly raised are those which are the result of the caveat and the answer or answers thereto. *Taylor* v. *Nuttle,* 62 Md. 342.

It is obvious from this that unless it was shown by the caveat and answer that there was an allegation on one side as to the revocation *vel non* of the will of the testatrix, and a

denial on the other, this question could not be submitted to the law Court for trial. In *Richardson* v. *Smith,* 80 Md. 89, it is said: "The issues should be framed concerning the parties named and the matters set forth in the petition and answer." This case also reiterated the well-known principle of law that an issue is formed by affirming the matter on one side and denying it on the other; that this collision of statements is its very substance and essence.

3. Because the paper writing denounced by said verdict refers to the paper writing of June 5th, 1897, and not the will filed for probate by your petitioners, dated June 25th, 1897.

*J. Cookman Boyd* (with whom were *Burdette B. Webster* and *Peter J. Campbell* on the brief), for the appellees.

Ellen McKenney, an aged lady, departed this life March 15, 1907, leaving an estate valued at about $8,000. On June 25, 1897, she executed the paper writing involved in this controversy. This paper was drawn by a comparative stranger to Mrs. McKenney. September 11, 1903, the lady through her regular counsel executed another will in which the former will was expressly revoked. Subsequently Mrs. McKenney destroyed the will last executed, and at the time indicated that she was under the impression that the will of 1897 had been destroyed in the great fire of 1904. There was some dispute as to facts, and there never was an agreement of parties thereto. But the legatees and next of kin were at first divided as to the effect of the destruction of the last paper which expressly revoked the former; and in this division of opinion the counsel for the respective parties conscientiously shared. Investigation showed at least some excuse for this disparity of views, as the decisions of the courts of this country are in direct conflict, some following the ecclesiastical, others the common law, rule. 30 *A. & E. Ency. of Law,* 658.

However, research revealed the fact that *Massachusetts* (134 Mass. 256) and *Maryland* (20 Md. 357) have unalter-

ably declared in favor of the ecclesiastical rule. In the care-
fully considered case of *Colvin v. Warford*, 20 Md. 391, our
Court of Appeals said: "But a clause in the subsequent will,
which in terms revokes a previous will, is not only an ex-
pression of the purpose to revoke the previous will, but an
actual consummation of it, and the revocation is complete
and conclusive, without regard to the testamentary provisions
of the will containing it."

This seemed to be conclusive of the law of the case, and all
parties interested were finally convinced that the facts should
be frankly and fairly submitted to a jury under the instruc-
tions of a Court learned in the law.

The sixth issue reads as follows: "Was the said paper
writing, dated the 5th day of June, 1897, and purporting to
be the last will and testament of Ellen McKenney revoked
by her subsequent to the execution thereof?"

This issue was framed concerning the matters set forth in
caveator's petition and the answers thereto.

But what has the appellant to do with this question? It
can only be raised at the time of framing the issues in the
Orphans' Court. He filed an answer. Why did he not look
after the issues and object. The Orphans' Court controls
the issues, and they can not be collaterally assailed. Besides,
the Court by its order makes the parties to the issues. *Pegg
v. Warford*, 4 Md. 485.

A party can take an appeal from the order framing them,
if he does not like them. *Little Sisters v. Cushing*, 62 Md.
421; *Richardson v. Smith*, 80 Md. 89; *Gross v. Burneston*,
91 Md. 389. In the absence of fraud, he has no other rem-
edy; and no fraud is proven in this case.

The appellant knew of the proceedings; he filed an answer
on April 10, 1907. He had his opportunity to appeal from
the order of October 15, 1907; and for the first time he makes
the objection on April 4, 1908, in this petition. Is this the
kind of diligence required of a party? The law will not per-
mit a man to sleep upon his rights if he has any; nor does it
impose upon the Court or adverse counsel the duty of taking

care of his case. He himself must be diligent. *Johnson* v. *Standard Mining Co.*, 148 U. S. 370; *Hadaway* v. *Hynson*, 89 Md. 313.

We submit that Mr. Pleasants is not a necessary party to these proceedings and has no interest in the case. The alleged will was never proven; Mr. Pleasants never secured letters testamentary thereon. Much was said at the hearing about the rights of unborn infants; but the appellant did not take testimony as to any wrongs inflicted upon anyone; and he must stand absolutely upon the pleadings without proof as to any facts—and he could prove no infraction of any right. He cited the *Magraw Cases*, 57 Md. 172 and 58 Md. 557. The trustee had *resigned*, and there was no one to represent the unborn children. In our case, Edwin A. Hedian is the trustee under the will and as such a legatee; he did not resign; and the Court of Appeals has said most clearly that the trustee is the only proper and necessary party in such cases. *McDevitt* v. *Bryant*, 104 Md. 187.

*Schull* v. *Murray*, 32 Md. 9, was cited below in support of the contention that the executor is a necessary party, even when the will is assailed before probate; but that case merely decided that when such a person is not a party to a proceeding in the capacity of executor, he is competent to testify. The question is not who *may* be a party when no objection is made, but whether Mr. Pleasants is a necessary party.

It is unnecessary to look to inference and analogy; our Court of Appeals has repeatedly held that when the caveat is filed before probate of the alleged will, the executor named therein is not a necessary party. *Decker Case*, 107 Md. 515; *Tilghman* v. *France*, 99 Md. 614, 616; *Harrison* v. *Clark*, 95 Md. 313; *Magraw Case*, 58 Md. 561; *Winchester* v. *Bank*, 2 G. & J. 80; *Ratrie* v. *Wheeler*, 6 H. & J. 94. See also— 18 *Cyc.*, 213.

A party named in a will as executor cannot sue or be sued either at law or in equity until he has duly qualified. *Ratrie* v. *Wheeler*, 6 H. & J. 94. "He cannot assert his right in

Court, as an executor, without producing his letters testamentary." *Winchester* v. *Union Bank,* 2 G. & J. 80.

A judgment has been rendered in this matter by a Court of competent jurisdiction, and that judgment is conclusive on the whole world and can be impeached only for fraud. *Worthington* v. *Worthington,* 56 Md. 550; *Worthington* v. *Worthington,* 58 Md. 548; *Munnikhuysen* v. *Magraw,* 57 Md. 172; *Tabler Case,* 62 Md. 602; *McCambridge* v. *Walraven,* 88 Md. 378; *Tilghman* v. *France,* 99 Md. 611; *Cushing Case,* 62 Md. 419.

The judgment of a Court of law may be set aside for collusion by the Orphans' Court. *Munnikhuysen* v. *Magraw,* 57 Md. 172; *Munnikhuysen* v. *Magraw,* 58 Md. 557; *McCambridge* v. *Walraven,* 88 Md. 381; *Meyer* v. *Henderson,* 88 Md. 590; *Shultz* v. *Houck,* 29 Md. 24.

The appellant had ample opportunity to adduce testimony as to fraud or collusion, and declined to do so. There is no evidence of fraud in the case. What is there for the Court to consider?

WORTHINGTON, J., delivered the opinion of the Court.

Mrs. Ellen McKenney of Baltimore City died on March 9, 1907, leaving a paper writing, dated June 25, 1897, purporting to be her last will and testament, in which paper writing Richard H. Pleasants, the appellee, was named as executor.

On March 15, 1907, Mr. Pleasants exhibited and filed this alleged will in the Orphans' Court of Baltimore City for the purpose of probate.

Three days later, that is on March 18, 1907, before the alleged will had been admitted to probate, a formal caveat was entered thereto by Mrs. McKenney's two sons, William O. McKenney and George J. McKenney.

The caveat alleged among other things that the paper writing dated June 5, 1897, purporting to be the last will and testament of Ellen McKenney, was not the last will and testament of Ellen McKenney, but that said Ellen McKenney

died intestate. There were also allegations of fraud, undue influence, want of mental capacity and want of proper execution of the alleged will. The appellant and Mrs. Emma Hedian, the only surviving daughter of Mrs. Ellen McKenney, were made caveatees and by citation from the Court, required to answer the premises.

It may be well here to state that by the provisions of the alleged will, a share of Mrs. McKenney's property was given to her only daughter, Mrs. Emma Hedian; a legacy of $100 to a Mrs. Mary S. Foley, and of the residue, one-half was given to her son William O. McKenney, above named, absolutely, and the other half to Edwin I. Hedian, in trust for the benefit of her other son, George J. McKenney, for life, and after his death to be divided amongst his children.

On April 10, 1907, the appellant, Richard H. Pleasants, as attorney for the executor, filed his answer to the caveat denying that Ellen McKenney died intestate, but averring that she duly and properly executed the paper writing purporting to be her will, dated June 25, 1897, when of sound and vigorous mind and body and fully capable of executing a valid deed or contract.

On May 18, 1907, the attorneys for the caveators filed the following order: "Mr. Register—Enter the petition and caveat of William O. McKenney, and George J. McKenney, as against Richard H. Pleasants, dismissed."

On May 27, 1907, the joint and several answer of Emma Hedian, Mary L. Foley and Edward I. Hedian, trustee, was filed, neither admitting nor denying the allegations of the caveat, but submitting their rights to the protection of the Court, and consenting to the passage of such order in the premises as should be proper.

On October 15, 1907, issues were framed in the Orphans' Court of Baltimore City, and sent to the Superior Court of that City for trial before a jury. By order of the Orphans' Court, William O. McKenney and George J. McKenney were made plaintiffs at the trial of the issues, and Emma Hedian, Mary S. Foley, and Edwin I. Hedian, trustee, de-

fendants at such trial.    The issues were six in number and
of the following purport:

1. Was the paper writing dated the 5th day of June, 1897,
purporting to be the last will and testament of Ellen McKen-
ney, signed by her, or some other person in her presence, and
by her express direction and attested and subscribed in the
presence of two or more credible witnesses?

2. Was the same read to her or by her, or known to her
at or before the time of the alleged execution thereof?

3. Was the execution thereof procured by fraud?

4. Was the execution thereof procured by undue influence?

5. Was she then of sound and disposing mind?

6. Was said paper writing, dated June *5th,* 1897, and
purporting to be the last will and testament of Ellen McKen-
ney revoked by her subsequent to the execution thereof?

The issues were submitted to the jury in the Superior
Court on March 20, 1908, and a verdict rendered in favor
of the mental capacity of Mrs. McKenney, and of the due
execution of the paper writing of June 5, 1897, also finding
no fraud, or undue influence or want of mental capacity, but
that said paper writing purporting to be the last will and tes-
tament of Ellen McKenney, had been *revoked* by her, sub-
sequent to the execution thereof.

The appellant, as will be seen, was not a party to these pro-
ceedings, but on March 23, 1908, three days after the rendi-
tion of the verdict, he filed a motion in the Superior Court
requesting it "not to certify the findings of the jury to the
Orphans' Court." Notwithstanding these objections the find-
ings of the jury were finally transmitted to the Orphans'
Court on April 4, 1908.

On the same day, that is on April 4, 1908, the appellant
filed a petition in the Orphans' Court praying that Court
"not to receive or act upon the findings of the jury," for the
following reasons, in brief:

1. Because the findings were had in reference to a paper
writing dated June 5, 1897, while the paper filed purporting

to be the last will and testament of Ellen McKenney was dated June 25, 1897.

2. Because the issues sent to the Superior Court were not raised by the pleadings.

3. Because the omission of the name of Richard H. Pleasants, executor, as a party to the proceedings, at the trial of the issues in the Superior Court, was a fatal omission.

4. Because there was no real contest in the Superior Court as the answer of the defendants as caveatees, neither admitting nor denying the allegations of the caveat raised no issues whatever.

5. Because the appellant had been eliminated by a dismissal of the caveat as to himself, and all the proceedings thereafter were had without notice to him, and that the entire proceedings were the result of collusion.

On April 20, 1908, the caveators filed their answer denying the right of the appellant to be considered a party in the cause, or as being entitled to object to any proceedings had or to be had therein, alleging that the error in the date of the paper passed upon by the jury was merely a clerical error and as the paper of date June 25th, was offered in evidence, the findings of the jury were upon that paper; that the issues were properly framed upon the pleadings in the Orphans' Court; and that the parties to the caveat were the proper parties; and denying that there was no real contest.

On April 23, 1908, Emma Hedian, Mary L. Foley, and Edwin Hedian, trustee, filed their answer to the petition of the appellant, denying that he had any standing whatever to be heard in the Orphans' Court in the premises; averring that all the necessary and proper parties were parties to the proceedings in the Superior Court; admitting that they had been advised that upon the indisputable facts of the case the paper writing of date June 25, 1897, had been revoked, and denying all and singular the other allegations of the appellant's petition.

The petition and answers were all sworn to, but, so far as the record discloses, no testimony in support of the allega-

tions of either the petition or of the answers thereto was adduced.

Subsequently on June 29, 1908, all the parties to the caveat proceedings, to wit: Emma Hedian, Mary L. Foley, Edwin I. Hedian, Trustee, George J. McKenney and William McKenney, moved to dismiss the appellant's petition—

1. Because the petitioner had no interest in the controversy.

2. Because no letters testamentary had been granted to the said Richard H. Pleasants.

On the 31st day of July, 1908, the Orphans' Court passed an order dismissing the appellant's petition and, acting on the findings of the jury to the effect that the paper writing propounded as and for the last will and testament of Ellen McKenney, had been revoked by her subsequently to its date, refused probate thereof.

From this action of the Orphans' Court, the petitioner, Richard H. Pleasants, brings this appeal.

It should be here stated that pending the caveat proceedings, the appellant was appointed administrator *pendente lite* of the estate of Ellen McKenney, deceased, though no claim of right to participate in the caveat proceedings seems to have been made on that ground.

While the briefs of the counsel for the respective parties present several questions for our consideration, which were elaborately discussed at bar, we think we need only consider one of these questions, and that is whether or not the appellant, either in his individual capacity or as administrator *pendente lite,* was a necessary party to the proceedings connected with the caveat of the alleged will?

In this connection it should be remembered that a contest in the Orphans' Court, involving the validity of a paper writing purporting to be a will, is a proceeding *in rem* in which all persons interested may appear and be heard upon the question, and that the order of the Orphans' Court is the judgment of a Court of competent jurisdiction directly upon

the subject matter in controversy.    *Worthington* v. *Gittings,* 56 Md. 542.

When a decision is made between opposing parties in such a contest it is a judgment *in rem* conclusively establishing either the validity or invalidity of the alleged will.    *Emmert* v. *Stouffer,* 64 Md. 543.

The purpose of sending issues to a Court of Law for trial under Sec. 254 of Art. 93, is to enable the Orphans' Court to advertise itself of the real facts of the case.    These when found by the jury are conclusive, and the Orphans' Court has no discretion, but must enter the judgment in conformity with the finding of the jury.    *Sumwalt* v. *Sumwalt,* 52 Md. 338.

The proceedings are, however, all the while within the probate powers of the Orphans' Court.    *Warford* v. *Colvin,* 14 Md. 532.

Though the jury may find affirmatively or negatively on the questions submitted, yet such finding may not determine the validity of the will, for there may be facts outside of the verdict and not inconsistent therewith which will decide the question, but when the jury find a fact which necessarily determines the invalidity of the will, the Orphans' Court are imperatively required to enter up judgment in conformity thereto, and the granting of any other issue would be a wholly useless and nugatory act.    *Pegg* v. *Worford,* 4 Md. 385; *Taylor* v. *Price,* 21 Md. 356.

When issues are sent by the Orphans' Court to a Court of Law, the province of the latter Court is simply to submit to the jury the determination of the issues without reference to whether they were properly presented by proceedings in the Orphans' Court.    *Cooke* v. *Cooke,* 29 Md. 103.

Whether all persons interested in the will are actual parties or not, the finding of the jury is binding and conclusive upon them as to all questions covered by the issues actually submitted to the jury for its determination.    *Worthington* v. *Gittings, supra.*

There is no doubt but that a person named as the executor

of a paper writing purporting to be a will, has such an interest in the proceedings relating to its probate as entitles him to be made a party to any contest in regard thereto, but where a caveat is filed and the contest takes place before probate, the person named as executor must, if he desires to defend the will, do so at his own cost and expense. *Townsend* v. *Brooke,* 9 Gill, 90; *Gorton* v. *Perkins,* 63 Md. 589.

He cannot therefore be regarded as a necessary party to such proceedings in his individual capacity, where the contest takes place before letters testamentary have been granted to him.

As to the necessity of the appellant being made a party to the proceedings as administrator *pendente lite,* this Court in a recent case, in a very satisfactory opinion by SCHMUCKER, J., held that: "It is not the duty in this State of an administrator *pendente lite* to conduct at the expense of the estate a litigation to establish an alleged will of the decedent or to defend caveats to papers purporting to be wills. The contest in such litigation is between the next of kin and the parties claiming under the alleged wills." *Harrison* v. *Clarke,* 95 Md. 313. So that neither in his own right nor as administrator *pendente lite* was the appellant a necessary party to the litigation concerning the validity of the alleged will.

It is true that in his own right as the person named as executor, he had such an interest in the subject matter of the litigation as entitled him, if he desired to defend the alleged will, to be made a party to the proceedings, but although he filed his answer to the caveat as attorney for the executor and was, therefore, in the case as an attorney as well as in his own right, yet from the date of his dismissal, on May 18, 1907, till October 15, 1907, when the issues were made up and sent to the Superior Court for trial, he made no effort to have himself reinstated as a party to the litigation, although it would seem that by the exercise of ordinary vigilance he would have discovered the fact of his dismissal before the issues were made up. And even after the record was transmitted to the Superior Court, and the trial was proceeded with there, he

seems to have stood by and allowed the case to be conducted
to a conclusion, in that Court, and then, after verdict ren-
dered, for the first time, interposed objections to further pro-
ceedings in the case.    Whilst Courts are ever ready to aid
vigilant suitors, they will not encourage laches.    These ob-
jections being unavailing in that Court, were renewed by his
petition filed in the Orphans' Court a few days later, that is,
on April 4, 1908.    In this petition it is not alleged that he
then only recently obtained knowledge of his dismissal as a
party defendant but only that after his dismissal the pro-
ceedings "were had without notice to him."

Had he promptly upon discovering the fact of his dismis-
sal filed his petition in the Orphans' Court, setting forth that
such dismissal had then only recently come to his knowledge,
and that the same had been accomplished and suppressed by
fraud and collusion, he would, upon proof of these facts, have
been entitled to be reinstated as a party defendant and to
have participated in all the subsequent litigation respecting
the subject matter of the controversy; and notwithstanding
the finding of the jury, the Orphans' Court would under such
circumstances have been justified in rejecting such finding,
and in sending the issues to be retried before a jury with the
appellant as a party defendant to the proceedings.

But his petition filed on April 4, 1908, not only does not
state when the fact of his dismissal first came to his knowl-
edge, but neither does it allege fraud, and though it contains
the statement that "the entire proceedings were the result of
collusion," yet it does not set forth with sufficient particular-
ity of what the collusion consisted, nor is there any proof,
whatever, to sustain the charge.

Even if the proceedings be irregular in any respect, in the
absence of fraud and collusion clearly alleged and proven,
the appellant had not after the finding of the jury, and stand-
ing in Court to impeach them or call them in question.    *Mc-
Cambridge* v. *Walraven,* 88 Md. 378; *Worthington* v. *Git-
tings, supra.*

After carefully examining the record in the case and the

authorities cited by counsel, we can find no ground for reversing the order of the Orphans' Court, dismissing the appellant's petition, and rendering judgment on the verdict of the jury.

We have not considered the motion to dismiss the appeal, because it does not clearly appear from the affidavits filed, whether the delay is transmitting the record was attributable to the fault of the Register or of the appellant, and we therefore express no opinion in regard to the legal question intended to be raised by such motion.

*Order affirmed with costs to the appellees.*