In the Matter of the Last Will and Testament of FANNIE HARMON, Deceased.

(*January* 20, 1953.)

CAREY, J., sitting.

*James M. Tunnell, Sr.* (of Tunnell and Tunnell) for proponents.

*Everett F. Warrington* for contestant.

Superior Court for Sussex County, No. 52, Civil Action, 1952.

Carey, J.:

The only question now to be decided was raised by the Court on its own motion since it is one of jurisdiction. May the Superior Court, in this proceeding, decline to try the issue framed by the Register and declare the review abandoned or the cause moot?

The Register is a Judge, and the sentence of his Court is the judgment of a tribunal of exclusive and peculiar jurisdiction on the subject matter before him. 1 *Woolley Delaware Practice* 25. His Court has sole original jurisdiction over the probate of wills and the review thereof. No other Court may exercise these powers originally, save only in the case of disqualification of the Register, in which event the Orphans' Court may do so. See Article IV Delaware Constitution. While Section 32 of that Article empowers the Legislature to transfer any or all of the Register's functions to the Orphans' Court, it has not yet done so. See Volume 48 *Laws of Delaware* 232.

The granting of an issue *devisavit vel non* is a matter of discretion for the purpose of informing the Register's conscience, and he may disregard the jury's finding. 1 *Woolley Delaware Practice* 25. In this respect, his position is similar to that

of the Court of Chancery. *Scotton v. Wright,* 14 *Del. Ch.* 124, 122 *A.* 541. The weight of authority is that, where the framing of issues is discretionary and where no statute or rule of Court provides otherwise, the referring Court may control to a great extent the conduct of the trial, and may withdraw the issue before trial. 30 *C. J. S., Equity,* § 502, pp. 899,900; *Black v. Lamb,* 12 *N. J. Eq.* 108. In *Garden v. Garden's Executrix,* 2 *Houst.* 574, the law Court admitted certain evidence, which probably would have been otherwise held inadmissible, because the Register had directed that it be placed before the Jury.

It is clear that reference of an issue to this Court does not have the effect of transferring the case itself to this Court. The function of the trial court is simply to submit the issues to the jury and to report its findings to the referring Court. 30 *C. J. S., Equity,* § 505, p. 901. If before trial the matter becomes moot, the referring Court should be asked to recall the record. Moreover, the function of the law Court in this proceeding being so confined, it may not pass upon the adequacy of the referring Court's record or the propriety of its rulings. *Pleasants v. McKenney,* 109 *Md.* 277, 71 *A.* 955. Other methods exist whereby its errors may be reviewed and corrected.

On the other hand, where counsel bring to the law Court's attention the existence of important questions which ought to be resolved before the jury is impaneled, there is no reason why this Court should not, in its discretion, temporarily stay the proceedings here to allow the necessary steps to be taken for determination of those questions. In the present instance, it is suggested on behalf of the contestant that the Register has never yet ordered a review and that his order of reference is premature; it is further suggested, in the alternative, that proponents have waived any irregularity in the filing of the bond. On behalf of the proponents, it is suggested that a review was ordered, notwithstanding the failure of the record to show it; that there actually has been no waiver as to the bond (even assuming the statutory requirement may be waived); and that the whole matter is in fact moot. Obviously, determina-

tion of these points may result in making a jury trial unnecessary. A stay will therefore be granted for a period of thirty days, and if within that time proceedings have been started to obtain a ruling upon these questions, the stay will be extended until they shall have been decided. This order will not, of course, operate as a bar to the recall of the present record, should that action be found desirable or necessary.