(Decided 13th June, 1877.)

---

THOMAS G. HAYES, RECEIVER OF THE SOUTH ANN STREET SAVINGS ASSOCIATION OF BALTIMORE CITY *vs.* JOSEPHINE BROTZMAN, and others.

*Authority of receivers to bring suits—Act of 1868, ch. 471, sec. 195.*

In an action brought by a receiver, appointed to wind up the affairs of a corporation, by a decree which directs, that he "shall prosecute and defend all suits at law, that may now be pending or may be hereafter instituted, in which said corporation may be a party," it was HELD:

1st. That as the cause of action arose before the appointment of the receiver, it was necessary in order to maintain the action in his name, that it should be made to appear there had been conferred upon him the power and authority to sue.

2nd. That such power and authority was conferred by the terms of the decree above set forth.

The plaintiff receiver was not the person named as such in the original decree. But upon the refusal of the first receiver to act he was appointed in his stead with the same authority and powers. HELD:

That being substituted for the first receiver, the plaintiff was necessarily clothed with the authority and required to perform the duties of the first receiver.

The Act of 1868, ch. 471, sec. 195, provides that "whenever a receiver of the property or effects of a corporation, shall be appointed before the dissolution or afterwards, new suits may be brought and carried on by any such receivers, either in their own names and capacity, or in the name of the corporation, for which they shall have been appointed; but no new suit shall be brought in the name of a corporation after it shall have been dissolved, or after the expiration of its charter." HELD:

1st. That apart from the authority expressed in the decree, the above section conferred ample authority to maintain the action.

2nd. That the order of the Circuit Court appointing the receiver, being the order of a Court of competent jurisdiction to pass it, carried with it the presumption of regularity; and it was not necessary that the plaintiff should have offered proof, that the Circuit Court had acquired jurisdiction to pass the order by proper averments in the bill of complaint or petition.

3rd. That the order standing in full force must be taken as establishing, at least *prima facie*, that all the necessary averments were made, and proceedings had to give jurisdiction to the Court.

4th. That when the appointment of the plaintiff, as receiver, was established by the exhibition of the order of the Circuit Court of Baltimore City, his right to maintain the action was sufficiently shown.

5th. That where a statute gives to the receiver a right to sue, there is no necessity to show special authority from the Court appointing him.

APPEAL from the Court of Common Pleas.

The South Ann Street Savings Association of Baltimore City was incorporated under the provisions of the Act of 1868, ch. 471. Under proceedings in the Circuit Court of Baltimore City, the Court passed the following decree.

" The bill and answer in the above cause having been read and considered, and the same submitted for decree, it

is thereupon on this, the 18th day of August, A. D. 1875, by the Circuit Court of Baltimore City, adjudged, ordered and decreed, that J. Thomas Scharf be, and he is hereby appointed receiver of the South Ann Street Perpetual Savings Association of Baltimore City, and that the said association turn over to the said receiver all its books, papers, promissory notes, writing obligations, *choses in action,* claims, demands, property and assets and that the said receiver shall proceed to wind up the affairs of the said association—the ulterior object of this decree being that the property and assets of the said defendant shall be equitably distributed among the creditors of the said defendant.

"And it is further ordered, that J. Thomas Scharf, the receiver aforesaid, give notice to all creditors of the said defendant to file their claims in this cause, and upon the proof of the same that the said creditors be allowed their distributive portion of the assets of the said defendant.

"And it is further ordered, that the said J. Thomas Scharf, receiver as aforesaid, shall prosecute and defend all suits at law that may now be pending, or may be hereafter instituted, in which the said defendant may be a party.

"And it is further ordered, that the said J. Thomas Scarf, the receiver aforesaid, before he enters upon the discharge of the duties of the said receiver, shall give the usual bond in the penalty of five thousand dollars, for the faithful performance of his duties as said receiver."

By a subsequent order passed in that case, J. Thomas Scarf was released from acting as said receiver, and Thomas G. Hayes was appointed receiver in his stead, with the same authority and powers.

The present action was instituted by the new receiver, upon a promissory note given by the appellee and two others to the South Ann Street Perpetual Savings Association of Baltimore City, dated March 30th, 1874. The

declaration contained the usual money counts and a count upon said note.    The appellee only was summoned ; and filed pleas of " never indebted, did not promise as alleged." And a further plea " That she did not sign the promissory note set out in the seventh count."

Upon these pleas issue was joined.

*Exception.*—At the trial admission was made of the due incorporation of the association under the Act of 1868, ch. 471, the appointment of the receiver under the decree and order above mentioned, and his qualification.

The plaintiff then took the witness' stand to testify, when the defendant's counsel objected to any testimony being given by the plaintiff, until he had proven his authority to bring this suit ; the plaintiff then admitted he had no other authority than that contained in the decree aforesaid, and that conferred by the laws of Maryland, Act of 1868, chapter 471.    The Court, (GAREY, J.,) sustained the objection, and instructed the jury that the plaintiff had not shown by any evidence any authority to institute this suit, and their verdict must be for the defendant.    The plaintiff excepted.

The jury rendered a verdict for the defendant, and judgment was entered accordingly.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and ROBINSON, J.

*Thomas G. Hayes* and *Thomas R. Clendinen*, for the appellant.

The decree expressly directs the receiver "to wind up the affairs of said association," and the decree further orders the receiver to "prosecute and defend all suits at law that may now be pending or may be hereafter instituted in which the said defendant may be a party."    The decree appointing the receiver, by its terms expressly confers authority upon the receiver to sue, and there was no

necessity for special authority. The term "collect" has been held sufficient to authorize the receiver to sue without any other special authority. *Holme, Receiver vs. Little-john*, 12 *La. An.*, 298 ; *Everett, et al. vs. State, et al.*, 28 *Md.*, 207 ; 2 *Code, Art.* 1, *section* 102, *page* 29 ; *Freeman vs. Winchester*, 18 *Miss.*, 580.

The appellant is receiver of a body corporate, incorporated under Act of 1868, ch. 471, and this Act expressly authorizes, "that whenever a receiver of the property or effects of a corporation shall be appointed before the dissolution or afterwards, new suits may be brought and carried on by any such receiver." *Act of* 1868, *ch.* 471, *section* 195.

A receiver authorized by Statute "to take charge of all the personal estate, goods, chattels, property and effects of every description whatever * * * and collect and make available the evidences of debt, and sell and dispose of upon such terms, &c.," needs no special authority to bring a suit, but has ample power conferred by statute. 2 *Code, Art.* 1, *section* 102, *page* 29 ; *Everett, et al. vs. State, use, &c.*, 28 *Md.*, 207.

If a statute gives the receiver authority to sue, there was no necessity for special authority from the Court appointing the receiver to bring the suit. *High on Receivers, sections* 211, 212 ; *Baker vs. Cooper*, 57 *Me.*, 388 ; *R. S. of Maine*, (1857) *section* 64, *page* 344 ; *Manlove, Receiver vs. Burger*, 38 *Ind.*, 211 ; 1 *Stat. of Ind.*, (*G. & H.*) *sections* 12, 16, *page* 270.

*C. Dodd McFarland,* for the appellee.

The Act of 1868, ch. 471, does not confer authority on the receiver to bring this suit. It does not appear, from the record, that application was made to the Circuit Court of Baltimore City to wind up the affairs of the association or to appoint a receiver under any of the provisions of that Act. Unless the bill or petition for the appointment of a receiver was filed under some provision of that law, the

appellant cannot rely on it for authority for bringing this suit. Evidence should have been offered at the trial of this case, in the Court of Common Pleas, if any such existed, to show that the Circuit Court of Baltimore City acted under the provisions of the Act, 1868, ch. 471, in appointing the appellant receiver, and that it acquired jurisdiction to do so by proper averments in the bill of complaint or petition, otherwise he cannot invoke its provisions in this suit. *Bangs vs. McIntosh*, 23 *Barb.*, 591.

In the case of *Everett, et al. vs. State, use, &c.*, 28 *Md.*, 190, the receivers were appointed under Art. 1, sections 99, 103, Code of Public Local Laws, and derived their authority to sue under the provisions of that law, and the special circumstances of the case. This was an appointment of a receiver in the ordinary case, under the general equity powers of the Court.

Receivers have no authority to institute actions without the sanction of the Court appointing them. *Kerr on Receivers*, 192, 193, 200 *and* 201; *Edwards on Receivers in Equity*, 135 *and* 136; *High on Receivers, section* 208, *top page* 138; *Story's Eq. Jur., section* 833 *a*.

The decree does not confer authority on the receiver to institute this action, but merely that he shall prosecute and defend such suits as may now be pending or may be hereafter instituted. The Court did not by its decree intend to confer authority on the receiver to bring suits, incur costs and expenses *ad libitum*.

BRENT, J., delivered the opinion of the Court.

As the cause of action in this case arose before the appointment of the receiver, it is necessary, in order to maintain the action in his name, that it should be made to appear he has had conferred upon him the power and authority to sue.

That such power and authority has been conferred we think is clear. The terms of the decree, under which he

is acting, direct that the receiver "shall prosecute and defend all suits at law that may now be pending or may be hereafter instituted, in which said defendant may be a party." The object of the decree was "to wind up the affairs" of the South Ann Street Perpetual Savings Association through the hands of a receiver, and when the decree authorises the receiver to prosecute suits at law which may thereafter be instituted in which the association may be a party, the construction can well be given to it so as to embrace suits in which the association may be a party in interest. The object aimed at by the decree is to collect the property and assets of this association, which had been duly incorporated, in the hands of a receiver, in an available form, so that they might be equitably distributed among the creditors. To accomplish this, the Court saw and understood that suits might become necessary, and in that part of the decree which we have quoted has sufficiently expressed its intention and purpose thereby to confer upon the receiver the authority to institute and prosecute them when the necessity to do so might arise.

The present receiver is not the person named as such in the original decree; but, on the refusal of the first receiver to act, he was duly appointed in his place and stead. Being substituted for him, he was necessarily clothed with the same authority and required to perform the same duties. Were it otherwise, he could not be said to have been appointed to act in his place and stead.

But apart from this, the *Act of* 1868, *ch.* 471, *sec.* 195, confers ample authority to maintain this action. It provides that, "whenever a receiver of the property or effects of a corporation shall be appointed before the dissolution or afterwards, new suits may be brought and carried on by any such receivers, either in their own names and capacities as such receivers or in the names of the corporation for which they shall have been appointed; but no new suit shall be brought in the name of a corporation after it

shall have been dissolved, or after the expiration of its charter.'' The order of the Circuit Court for Baltimore City, offered in evidence, appointing a receiver of the property and effects of this corporation, being the order of a Court of competent jurisdiction to pass it, carried with it the presumption of regularity. It was not necessary, as contended by the appellee, that the appellant should have gone further and offered proof that the Circuit Court had acquired jurisdiction to pass the order by proper averments in the bill of complaint or petition. The order, standing, as it does, in full force, must be taken as establishing, at least *prima facie*, that all the necessary averments were made and proceedings had to give jurisdiction to the Court.

When the appointment, therefore, of this appellant as receiver was established by the exhibition of the order of the Circuit Court of Baltimore City, we think his right to maintain this action was sufficiently shown.

The authorities cited by the appellant fully support the doctrine that, where a statute gives to the receiver a right to sue, there is no necessity to show special authority from the Court appointing him. So that, even if the order in this case was silent as to the right to maintain this action, the authority to do so is ample under the Act of Assembly.

As a consequence, we think the Court erred in the view expressed in the bill of exceptions, and the judgment will be reversed.

*Judgment reversed, and*
*a new trial ordered.*

(Decided 13th June, 1877.)