(Decided 13th June, 1877.)

---

## MICAJAH P. SMITH and ELIZA JANE SMITH, his Wife, and others *vs.* CHARLES F. SHAFFER.

*Bill to enforce mechanics' lien—Prior encumbrancer not a proper party—Effect of statements in opinion in the Court below, where the record on appeal does not contain the Evidence—Terms of decree for sale in mechanics' lien case—Decree in rem and decree in personam.*

On a bill filed to enforce a mechanics' lien for lumber used in the erection of a building, at the request of the contractor, the mortgagee under a mortgage of prior date to the mechanics' lien, was made a party defendant, but did not answer the bill. A decree was passed by the Court below for the sale of the property. On appeal, it was HELD:

1st. That the mortgagee was improperly made a party, and the decree should not have been passed against it.

Smith, *et al. vs.* Shaffer.

2nd. That a sale of the property to pay the mechanics' lien must be had subject to the prior encumbrance, unless the encumbrancer came in and consented to be made a party.

There appeared to have been three separate deliveries of materials, but whether upon a continuous contract or separate contracts, did not appear from the proof. In the opinion filed by the Judge of the Court below, it was stated that the notice was duly given, and that "the sale and delivery of the lumber is fully shown" HELD:

1st. That as the record contained none of the proof taken, the statement of the Judge as to what was proven before him was conclusive.

2nd. That upon said appeal the materials must be considered as having been delivered under one continuing contract, and the notice as being in time to cover all the items charged in the bill of particulars.

3rd. That the decree was informal, because it did not ascertain the amount of the lien claim for materials furnished; and because it allowed no day before the sale for its payment.

4th. That although the decree in the case must be *in rem* and not *in personam*, yet its character was not changed by directing a sale, unless the amount found due was paid before a day named.

APPEAL from the Circuit Court for Prince George's County in equity.

The bill in this case was filed by the appellee to enforce a mechanics' lien, for lumber furnished in the construction of a house. The parties made defendants were the owner of the property and her husband, and the contractor for the erection of the building, and the mortgagee under three several mortgages, one of which was prior to the lien of the complainants, and the others subsequent to it. No answer was filed by the mortgagee. The Court below (MAGRUDER, J.,) passed a decree for a sale of the property, the nature of which is sufficiently stated in the opinion of the Court. From this decree the present appeal is taken.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and ROBINSON, J.

*Joseph K. Roberts, Jr.*, for the appellants.

It was error to decree a sale without first ascertaining and determining the extent or amount of the lien. The Court should have fixed a time within which the lien-claim so ascertained should be paid.

Art. 61, sec. 25, Code: "If the proceeding is by bill in equity, the same proceedings shall be had as are used by the Courts of equity to enforce other liens."

Art. 16, sec. 125: "When any suit is instituted to foreclose a mortgage the Court may decree that unless the debt and costs be paid by the time fixed by the decree the property shall be sold;" and the appellants contend that that is the uniform practice and proceeding in Courts of equity in all cases of lien.

The bill to enforce a mechanics' lien-claim is analogous to a foreclosure of mortgage. *Hubbell vs. Schreyer*, 14 *Abbott Practice, (N. S.,)* 284; *Deming vs. Patterson*, 10 *Ind.*, 253.

Nor can it be contended that this, being in the nature of a proceeding in *rem*, would be an improper form of decree; it is expressly held in *Wood vs. Fulton*, 2 *H. & G.*, 71, that such a decree is a *decree in rem*.

In *Wylie vs. McMakin*, 2 *Md. Ch. Dec.*, 413, the Court say, on a bill for a foreclosure sale where the claim is not admitted, or where there is difficulty in fixing upon the *precise sum by the payment of which the defendant might prevent a sale*, the case *must* be referred to the auditor for a preliminary account before a final decree.

In this case the decree does not adjudge that the whole of the claimant's lien is sustained or any particular sum is due

The Code required notice to be given to the owner within sixty days from the furnishing of the materials. *Art. 61, sec. 11.*

This was not a continuous or entire contract; each purchase was separate and distinct. There was no contract to

furnish all the materials; but, as alleged in the lien "it· is for furnishing, selling, and delivering materials between March 1st and April 21st, 1875, at prices stated in bill of particulars."

And the sixty days limitation applies to each item from the date of its delivery. *Hubbell vs. Schreyer*, 14 *Abbott, N. S.*, 284; *Ortwine vs. Caskey & Thomas*, 43 *Md.*, 135; *Spencer vs. Barnett*, 35 *N. Y.*, 94.

*Charles H. Stanley*, for the appellee.

The appellants not having ordered in the record the evidence, the Court above must, in this case, consider the evidence in the case below to have been sufficient to justify the decree or judgment of the Court, and must presume that the necessary proceedings, other than those shown by the record, were had prior to decree; and the appellants must make the contrary appear from the face of the record, the decree stating that the bill, answer, evidence, and all other proceedings, were read and considered. *Hallowell & Co. vs. Miller*, 17 *Md.*, 308; *Reynolds vs. Negroes Juliet, et al.*, 14 *Md.*, 120.

That the bill is sufficient in form and substance. The lien contains all that is required by section 19 of Article 61, and was filed within the time required by law and in the proper office.

That the notice is sufficient in form and substance, and is the legal notice required by section 11, Article 61 of the Code; a list of materials, dates, prices and sum total having been appended to the same; this being a case under section 11 of Article 61, Code of Public General Laws. *Jarden and Wife vs. Pumphrey*, 36 *Md.*, 361.

The decree is in proper form. This is a special statutory proceeding, and is to be maintained and enforced to the extent and in the mode prescribed. The decree directs a sale, and orders the trustee to bring the money into Court, leaving it to the auditor's accounts to settle the priorities of

the parties. *Code Public Gen. Laws, Art.* 61, sec. 25; *Sodini & Leiter vs. Winter, et al.,* 32 *Md.,* 130.

Sec. 125 of Art. 16, Code, only applies to proceedings brought by the mortgagee, or his representatives *vs.* mortgagor, or his representatives.

The fact that mortgagees are parties defendants does not make it apply, as there is no mortgagee party complainant. *Gibson, et al. vs. McCormick,* 10 *G. & J.,* 65; *Art.* 16, sec. 125; *Act of* 1876, *ch.* 327; *Reese & Fisher vs. Bank of Commerce,* 14 *Md.,* 271.

The mechanics' lien is a specific lien on only a portion of the land, and the lien claimant is not to be delayed in the remedy given him by statute, by giving time to the mortgagors to pay off all the liens. He must, as far as the owner is concerned, make his money out of the ground and buildings designated, subject to prior encumbrances, or lose it.

Time need not be given to pay the lien in the decree.

The decree is a decree *in rem,* and could be under no circumstances a decree *in personam* as against the appellants, the owners. The appellee is entitled to a sale of this specific property as designated to satisfy his lien, as against the appellants he can look to it alone, or the contractor.

The Court had the right to prescribe the terms of sale. *Reese & Fisher vs. Bank of Commerce,* 14 *Md.,* 271; *Code, Art.* 16, *secs.* 130 *and* 132.

It is also contended that a decree should not be reversed for mere form, when the appellants fail to show it has worked an injury, and that it is incumbent on the appellants to show from the record a case for reversal, and that an injury has been done them.

BRENT, J., delivered the opinion of the Court.

The record in this case discloses some irregularities, which prevent an affirmance of the decree.

37                    v. 46.

The mortgage to the Independent Savings and Building Association of Laurel, dated the first of December, 1874, is a lien of prior date to the mechanics' lien, for the enforcement of which the bill of complaint is filed. It is objected that this association is improperly made a party to this proceeding, so far as this mortgage is concerned, and that the decree should not have been passed against them. We think the objection is well taken. They do not seem to have answered the bill, and as prior mortgagees, the decree is improvidently passed against them. The sale of the property to pay the mechanics' lien must be had subject to this prior encumbrance, unless the encumbrancer comes in and consents to be made a party.

It is also objected that the notice of the lien is not in time so far as some of the materials mentioned in the bill of particulars are concerned. There seems to have been three separate deliveries of materials, but whether upon a continuous contract, or separate contracts, does not appear from any proof in the record. The learned Judge of the Circuit Court, in the opinion filed by him, says that the notice was duly given, and that "the sale and delivery of the lumber is fully shown." As the record contains none of the proof taken, the statement of the Judge as to what was proven before him is conclusive. Upon this appeal, therefore, the materials must be considered as having been delivered under one continuing contract, and the notice as being in time to cover all the items charged in the bill of particulars.

The decree is informal in two respects. It does not ascertain the amount of the lien for materials furnished, and allows no day before the sale for its payment.

If the latter is proper, an ascertainment of the amount due is a necessary pre-requisite. It is true the decree in this case must be *in rem*, and cannot be *in personam*, yet its character is not changed by directing a sale, unless the amount found due is paid on or before a day named. It is

nevertheless a decree *in rem.* *Wood vs. Fulton & Starck,* 2 *H. & G.,* 71. Unless a day is allowed for payment, great hardship might follow, especially where the claim set up may have been resisted in good faith. The amount charged may have been excessive, or the defendant have honestly believed the lien did not attach. If mistaken, it cannot be that the law contemplated a decree should be absolute for the sale without giving a day for the payment of the sum found due. A subsequent mortgagee may find it to his interest to pay off the claim and thus avoid the costs and expenses incident to the sale. Many instances might be cited in which it would be eminently equitable to give a day for payment. This, we think, should be done. A decree for a sale, unless the amount due is paid on or before a certain day to be fixed in the sound discretion of the Court, will fully satisfy the requirements of the Act under which these proceedings are had, and at the same time be full equity do all the parties concerned.

The decree in this case will not be affirmed or reversed, but the case sent back under the provisions of Art. 5, sec. 28, of the Code, that the proceedings may be so amended as to conform to the views which we have expressed in this opinion.

*Cause remanded without affirming*
*or reversing decree*
*of the Circuit Court.*

(Decided 13th June, 1877.)