## WILLIAM H. REID *vs.* JOHN FORSYTHE ET AL.

*Appeal—Insufficient Statement of the Evidence in the Record.*

A bill alleged certain facts as constituting the equity upon which the plaintiff asked for an injunction. The answer categorically denied the existence of these facts. After testimony was taken a decree was made dissolving a preliminary injunction and dismissing the bill. Upon appeal, the record did not contain the testimony itself but merely an agreement of counsel to the effect that the plaintiff had offered evidence *tending* to prove certain facts and that the defendant had offered evidence *tending* to prove certain other facts, which contradicted all the material parts of the plaintiff's evidence. *Held*, that it is impossible for this Court to determine from the record whether or not the plaintiff's testimony established the facts upon which his right to the relief asked for depended, and consequently the decree of the Court below must be affirmed.

Appeal from the Circuit Court for Washington County (WITZENBACHER, J.)

The cause was submitted to the Court on briefs by:

*Lewis D. Syester*, for the appellant.

*R. H. Alvey, Jr.*, for the appellee.

JONES, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court for Washington County dissolving a preliminary injunction which had been granted by that Court on the application of the appellant, and dismissing the bill of complaint upon the allegations of which the injunction had been granted.

These allegations are as follows: "That a public highway has been established and maintained from time immemorial from the town of Williamsport, Maryland, to high water mark on the south or Virginia side of the Potomac river, at which point, in the normal and natural flow of the water an excellent fording has been afforded all persons travelling over and upon said highway;" that when the flow of the water is not interfered with by being dammed back the said ford is always passable "and the travelling public has been greatly benefited and accommodated, and the commercial relations and business between the residents of Maryland and West Virginia aided and enlarged;" that the appellant was, at the time of filing the bill of complaint, and had been, for many years before "a traveller over said highway and entitled by law to pass over said stream" by means of said ford; that the appellees (defendants below) with others were "erecting and attempting to maintain a dam or fish-pot in the river below the fording place, by reason of which the water of the aforesaid ford has been and is being more backed up and raised to a considerable height above its normal and natural level; whereby the aforesaid ford has been interfered with, impeded and rendered useless" and the appellant "and other travellers have been interfered with to the great injury of the public at large;" that "in the building and attempted construction of the aforesaid dam the defendants (appellees) have cut timber off the property of the appellant" and committed and were "committing great loss and injury" to his said property; that by the backing up of "the water the bed of the river" had been made to overflow and was overflowing the lands of the appellant "to his damage and injury;" that the acts complained of "are not susceptible of adequate compensation" to the appellant "and the public in

the ordinary course of law and relief can only be had in restraining its continuance through a Court of Chancery."

The bill then prays for an injunction to restrain the appellees (defendants below), their servants &c., "from further erecting, maintaining and constructing said dam and fish-pot; from cutting timber from the lands" of the appellant; "and from backing up the water in the river" at the aforesaid fording place; and for general relief. The injunction was granted with leave to defendants to move for its dissolution. The appellees filed their answer and followed it with a motion to dissolve. The appellant then filed a replication and on the same day an application for leave "to take testimony to sustain his said bill." Testimony was accordingly taken and the cause was thereafter submitted to the Court below for final hearing; and that Court passed a decree dissolving the injunction which had been granted and dismissing the appellant's bill. From such decree this appeal was taken.

In reviewing here the action of the Court below which is the subject of the appeal we must ascertain from the pleadings the issues presented for its determination; and from the evidence submitted to it the basis of fact upon which its decision was made thereon.

The answer of the appellees admits the existence of the ford described in the bill of complaint, but denies that it extends to high water mark on the Virginia side of the river; admits that with the river in normal condition the ford is always passable and that it serves the public convenience and benefit as charged in the bill; admits that the appellant is at times a traveller over said ford, but states that the appellees neither admit nor deny that he "is entitled by law to pass over said stream by means of said ford;" admits that the appellees "did erect a fish-pot at a distance of a mile below the said fording place;" denies "that by reason of said fish-pot, that the water of the aforesaid ford has been backed up, and raised to either a considerable or any height, above its normal and natural level;" or "that said ford or the travel thereover has been impeded and rendered, at times, useless by said fish-pot"

or that the appellant "and others have been interfered with to
the great injury of the public at large; " denies that the ap-
pellees have cut the timber off the property of the appellant
or that they have committed, or are committing great loss
and injury to the said property; and denies that by backing
up the water the bed of the river has overflowed or is over-
flowing the lands of the appellant.

It will thus be seen that the answer of the appellees, which
is sworn to, denies and puts in issue every allegation of the
appellant's bill upon which rests, or which constitute, the
grounds of the relief prayed for therein.    The record presents
no question upon the pleadings and no exceptions to the aver-
ments of the bill.    Assuming the sufficiency of these aver-
ments, but deciding no question in reference thereto, all fur-
ther inquiry is confined to the proofs which the record con-
tains in support of the decree we are reviewing.    To govern
the action of this Court we must find from these the basis of
fact to which the Court below applied the law; and further
whether proper conclusions upon the facts were reached by
the Court in ascertaining that basis.    Manifestly the decree we
are reviewing cannot be disturbed unless we find in the record
before us sufficient to convince us there was error either in
applying the law to the facts or in the conclusions upon the
facts which controlled the decision of the Court whose action
is here drawn in question.

The record before us in presenting the evidence in the cause
at bar is not in a condition to enable us to say whether there
was error in either of the aspects of the case that have been
mentioned.    The record does not set out the evidence as it
was delivered to the Court below, but contains an agreement
of counsel as follows:    "It is hereby agreed that the testi-
mony hereto attached shall be taken as the testimony to be
inserted in the place of that filed therein, for the record to be
made up to be sent to the Court of Appeals."    This is fol-
lowed by a statement that the complainant (appellant), to sus-
tain his case on his part offered testimony *tending* to prove
certain facts which are recited, which facts are supposed, if

found proved, to afford inferences going to establish the allegations of the bill of complaint. Following this again is a statement that the defendants (appellees), on their part to sustain their contention offered testimony tending to prove certain other facts which are indicated and evidence of which was offered with the object, and which had the tendency, to contradict all of the material parts of the complainant's (appellant's), evidence. However appropriate this mode of stating evidence intended for consideration and review in this Court may be, where the Court is not concerned with the effect to be given thereto, but only with its legal quality and the propriety of its being considered by the trying tribunal, it is manifestly not possible for the Court to determine, when it is so presented, its conclusive effect as proof to any point to which it is offered. What evidence may *tend* to prove is one thing. What it may actually prove or may be received as proving of itself when uncontradicted, or how its effect and potency are overcome and destroyed by evidence in contradiction, is quite another thing.

In the absence of an agreed statement of facts nothing short of the testimony itself will enable the Court to form its conclusions as to the facts that are to control its decision in any particular case. This is necessary to enable the Court to judge of its probability, its probative force, its greater or less tendency to establish the fact or facts which it is designed to prove and how far its effect is weakened or overcome by contradictory evidence. To be informed merely that testimony has been offered tending to prove certain facts which are supposed by the party offering the testimony to afford inferences going to establish the ultimate facts to be arrived at, furnishes the Court no adequate means for determining a controversy, the decision of which depends upon actual proof. Unless in this case we proceed upon a supposed state of facts and deal with the questions argued in the case as moot questions we cannot deal with them at all upon the state of the record in its presentation of the proof upon which the case was decided. It is not possible to say that the allegations of the appellant's

bill upon which he relies for the relief sought thereby have been established by the necessary proof.

It follows as a matter of course that we cannot disturb the decree in the case and the same must be affirmed.

*Decree affirmed with costs to the appellees.*

(Decided June 8th, 1904.)