# WILLIAM T. HOUSTON AND JOHN O. HOUSTON

## *vs.*

# WALTER R. WILCOX AND JACKSON H. RALSTON, TRUSTEES, AND MARY I. V. WATERS.

*Mortgages: prior equities; bona fide purchaser; security for money actually paid. Attorneys: implied power and authority. Trial by court without a jury. Constitutional rights: Art. 4, sec. 8; issues from Orphans' Court. Judgment: motion to strike out; time for making.*

In equity, a mortgage is deemed a purchase to the extent of the debt secured thereby.                                                     p. 98

A mortgagee who takes his mortgage for value and without notice of prior equities, occupies the position of a *bona fide* purchaser, and is entitled to protection afforded to such a purchaser by a court of equity.                                         p. 98

In such cases, where the mortgage is sought to be vacated, because of alleged equities of which he had no notice, equity will allow the instrument to stand as a security for the money actually paid by the mortgagee.                                     p. 99

In general, whatever is done by an attorney in the scope of his duty, in the progress of the trial of a case, will, in the absence of proof to the contrary, be presumed to have been done by the authority of his principal.                                  p. 100

Under section 8 of Article 4 of the Constitution, parties to any cause may submit the same to the Court for determination, without the aid of a jury; and issues sent by the Orphans' Court to a court of law for trial constitute "a cause" within the meaning of this section of the Constitution, where such issues are submitted or tried by the Court sitting as a jury.

                                                                p. 100

In general, an application to strike out a judgment must be made within the time allowed to take an appeal and within a reasonable time of the discovery of the facts relied on.    p. 100

*Decided June 24th, 1913.*

Appeal from the Circuit Court of Montgomery County, sitting in equity (Motter, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Stockbridge and Constable, JJ.

*William T. Houston,* in *propria persona* (with whom were *Thomas Dawson* and *Alexander Kilgour* on the brief), for the appellants.

*C. W. Prettyman* and *Jackson H. Ralston* (with whom were *Frederick L. Siddons, Wm. E. Richardson* and *Harvey T. Winfield* on the brief), for the appellees.

Briscoe, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Montgomery County, sitting as a Court of Equity, dissolving an injunction on a bill filed by the appellants against the appellees, and dismissing the bill.

The material facts of the case, are matters of record and are therefore practically undisputed.

The object of the proceedings was to restrain a sale of real estate under a deed of trust, made and executed on the 2nd day of February, 1909, by one Henry Warmouth Houston, of the State of New York, to the appellees, Mary I. V. Waters, as mortgagee, and Walter R. Wilcox and Jackson H. Ralston as trustees under the deed.

The prayer of the bill is not only for a perpetual injunction, but that the deed of trust be vacated, cancelled and set

aside, as a fraud upon the appellants' rights and as a cloud upon their title to the property.

The real estate is situate in the town of Kensington, in Montgomery County, Maryland, and was owned by Mrs. Sarah Annie Gardner at the time of her death, and was by her last will and testament dated the 27th day of July, 1908, devised to Henry Warmouth Houston, the mortgagor and grantor in the deed.

The deed of trust is dated the 2nd day of February, 1909, and was executed by the grantor, the sole devisee, under the will, to secure a loan of three thousand dollars, obtained from Mrs. Mary I. V. Waters, of Washington City, D. C. The property was conveyed to Walter R. Wilcox and Jackson H. Ralston, of the District of Columbia, as trustees, in and upon certain trusts described and set out in the deed, and this deed was regularly and in due time recorded among the land records of Montgomery County.

The appellants are the only heirs at law, and next of kin of the testatrix, one a brother, and the other a nephew, the only surviving child of a pre-deceased brother, and were plaintiffs upon the trial of issues, sent by an order dated the 20th day of October, 1908, of the Orphans' Court of Montgomery County to the Circuit Court of that county upon a caveat filed by them to the will of Mrs. Gardner, which will devised the property here in question, to the defendant and caveatee in this case.

The trial of the issues on the 9th day of December, 1908, in the Circuit Court of Montgomery County resulted in findings for the defendant and caveatee on all four of the issues, transmitted for trial. These findings were duly certified back to the Orphans' Court, and on the 15th day of December, 1908, the will was admitted to probate in that Court, as the *true* and genuine last will and testament of Sarah Annie Gardner, deceased.

A certified copy of the docket entries of the case in the Circuit Court of Montgomery County, is filed in these proceedings, and is as follows:

*In the Circuit Court for Montgomery County.*
No. 62 Trials—November Term, 1908.
*William T. Houston and John O. Houston*

*vs.*

*Henry Warmouth Houston.*

Transcript of Record from the Orphans' Court of Montgomery County, filed November 5th, 1908:

December 9th, 1908—Submitted to the Court for trial.

December 9th, 1908—The Court find for the defendant on the first issue, and on the second issue, on the third issue, and on the fourth issue.

Costs in the Circuit Court for Montgomery County, $12.95.

A copy of the order of the Orphans' Court admitting the will to probate upon the findings transmitted to it from the Circuit Court of Montgomery County, is set out in the record, and is as follows:

"The Court, after having carefully examined the above last will and testament of Sarah Annie Gardner, late of Montgomery County, deceased, and also the evidence adduced as to its validity, orders and decrees this 15th day of December, A. D. 1908, that the same be admitted to probate in this Court as the true and genuine last will and testament of the said Sarah Annie Gardner, deceased.

GEO. W. MEEM,
REMUS R. DARBY,
JOHN E. WEST."

The issues sent to be tried and upon which the findings were had, were in the usual form, and related to the non-execution of the will, mental capacity and undue influence exercised upon the testatrix.

There were no exceptions reserved at the trial of the case in the Circuit Court of Montgomery County, and no appeal from the findings of record in that Court. Nor was there any appeal from the order of the Orphans' Court, admitting the

will to probate in that Court, or any objection whatever
entered of record, within the statutory period of thirty days,
as allowed by sec. 62 of Art. 5 of the Code.

It is admitted that Mr. Robert B. Peter, an attorney at
law, of the Montgomery County Bar, who filed the original
petition and caveat, in the orphans' Court was the duly
authorized attorney of the caveators, and plaintiffs in both
Courts, and his appearance was entered of record, upon the
authority of the plaintiffs and his right to so appear as their
attorney is not questioned by the appellants on this appeal.

Subsequently on the 26th of October, 1909, nearly nine
months after the execution of the deed of trust here in ques-
tion, and more than ten months after the will had been pro-
bated, the appellants in the record, filed a petition in the
Orphans' Court of Montgomery County wherein it was prayed
that the findings of the Circuit Court of Montgomery County,
on the 9th of December, 1908, and the order of the Orphans'
Court, of the 15th of December, 1908, admitting the will
to probate, be cancelled and annulled, and the probate of
the will be revoked. The petition, alleged as a basis for the
action of the Court, first that the findings of the issues had
been obtained by fraud; secondly, that under the Constitu-
tion of the State, the issues could not be tried by the Court
without the intervention of a jury, and, thirdly, that at the
trial of the case, the appellant William T. Houston, was
absent from the State, did not know the case had been set for
trial, and did not authorize his attorney of record to submit
the issues for trial to the Court, without the aid of a jury.

On the 28th of February, 1911, the order admitting the
will to probate was set aside, and the Orphans' Court passed
the following order:

"A mass of testimony was taken in the case, and it was
thoroughly argued by counsel on both sides and the evidence
and arguments have both been carefully considered. The
facts in this case clearly show that there never was a trial
of the issues sent by this Court to the Circuit Court for trial,
the whole proceedings were *ex parte,* and nothing more was

done than usually takes place when a will is admitted to probate in common form. This being so, the Court is of opinion that the order admitting the will to probate and granting letters testamentary should be set aside."

It is therefore this 28th day of February, A. D. 1911, by the Orphans' Court of Montgomery County, ordered and decreed that the judgment of this Court rendered on the 15th day of December, A. D. 1908, admitting to probate the last will and testament of Sarah Annie Gardner, be and the same is hereby vacated, annulled and stricken out.

And it is further ordered and decreed that the letters testamentary granted to Henry Warmouth Houston be and the same are hereby annulled, cancelled and revoked.

And it is further ordered that the petitioners and respondent each pay their respective costs.

Afterwards upon the same caveat, issues identical in substance, and with the same caveators and caveatee were transmitted to the Circuit Court for trial, and on the 24th of May, 1911, the case was tried before a jury in that Court. The trial resulted in "findings" in favor of the caveators, on the issues transmitted by the Orphans' Court, and on August 8th, 1911, that Court refused to admit the will to probate, and declared it not to be the last will and testament of Mrs. Gardner.

This brings us to the legal propositions raised by the pleadings, and discussed at the hearing, and in the briefs of the respective counsel of record.

The legal principles applicable to the case, have been settled by numerous and recent decisions of this Court, and it will not be necessary to review them, except as we may deem it proper in support of the conclusions reached, in the determination of the case.

In the first place it will be seen, that the answer of the defendants specifically deny each and every allegation of fraud and bad faith, either actual or implied, made by the bill against them. No evidence whatever was adduced on the part of the appellants to connect the defendants in any

manner with the fraudulent representations set up in the bill, and relied upon for relief in these proceedings. It is admitted "that the plaintiffs have no evidence that the defendants knew of the alleged fraudulent representations."

The answer avers, that the whole transaction was one made in the ordinary course of business, in absolute good faith and without any knowledge of any rights or claims of any person except the mortgagor and the owner of the property, under the will, to the property or any interest therein that they advanced their money and took the deed of trust spoken of, in reliance upon the records of the county and decrees of courts of competent jurisdiction then in existence and unreversed, and after the time for appeal from the findings had elapsed and the time for appeal from the decree of the Orphans' Court admitting the will to record in that Court had passed. The answer further avers, that the whole claim of the plaintiffs to relief in this cause is, as to these respondents, inequitable and unjust, and that both of the plaintiffs are now estopped to deny the validity and binding force and effect of the deed of trust, because as to William T. Houston the delay and neglect in asserting his pretended rights for a period of nearly a year after the probate of the will induced these respondents to part with their money upon the faith of the records as they then stood; and as to John O. Houston they aver that he is likewise estopped from asserting any rights in the premises against these respondents, not only because of the neglect and delay, but, as your respondents are informed and so aver, because he entered into a binding agreement with the said Henry Warmouth Houston, by which he surrendered and relinquished all claim of right to the estate of Sarah Annie Gardner or to any interest therein, in consideration of the sum of one thousand dollars; and that in order to secure the sum of money Henry Warmouth Houston borrowed the money represented by the deed of trust and note in these proceedings referred to and that out of the money so borrowed John O. Houston was actually paid the sum of one thousand dollars; so that your

respondents aver that they are subrogated to all of the rights of the said John O. Houston in so far as said rights would affect the lien of the deed of trust aforesaid upon the premises. They further aver that the facts last alleged have come to their knowledge only since the said loan was made, and all of the proceedings relating thereto finally closed.

Upon the conceded facts of this case, we think it is clear that the appellees must be treated as bona fide purchasers, without notice of any equitable rights of other persons in conflict with the deed of trust, at the time they made the loan, upon the property in question, and they are entitled to the protection afforded such purchasers, by a Court of equity.

In 23 *A. & E. of Law* (2nd Ed.), 476, it is said: "It is well settled that a mortgagee who takes his mortgage for value, and without notice of prior equities, occupies the position of a bona fide purchaser and is entitled to the protection afforded to such a purchaser by a Court of equity; a mortgage being deemed a purchase to the extent of the debt secured thereby.

In *Savings Bank* v. *Gordon,* 90 Md. 504, it was said, a bona fide mortgage from a fraudulent grantee has in a number of cases been held to be entitled to protection, to the extent of the debt due him against the creditors of the fraudulent grantee, upon the ground that a mortgagee is to be treated as a purchaser to the extent of his interest within the meaning of the term purchaser as used in statutes, such as that of 13 *Eliz.,* Ch. 5, and this where the mortgage was not accompanied by a negotiable instrument.

In *Seldner* v. *McCreery,* 75 Md. 287, this Court said where a title is perfect on its face and no known circumstances exists to impeach it, or to put a purchaser on enquiry one who buys bona fide and for value occupies one of the most highly favored positions in the law. A bona fide purchaser for value without notice is protected and he cannot be adjudged to have notice of anything apparently improbable, and which diligent and reasonable enquiry would not disclose.

·In *Van Bibber* v. *Reese,* 71 Md. 608, this Court held in respect to similar proceedings that the purchaser of a title, perfect on its face, for a valuable consideration, takes it discharged of every equity of which he had no notice. And it further said under the facts of that case, that whilst a settlement in the Orphans' Court stands unimpeached and unquestioned, it imports verity and furnishes notice that the decedent's real estate is not liable to be sold to satisfy the demands of his creditors. *Bigley* v. *Jones,* 114 Pa. St. 510.

It has been expressly decided by this Court that in such cases a Court of Equity will deal with the conveyance sought to be vacated on special terms, and will allow the instrument to stand as security for the money actually paid by the grantee. *Economy Savings Bank* v. *Gordon,* 90 Md. 504; *Hinkle* ·v. *Wilson,* 53 Md. 287; *Cone* v. *Cross,* 72 Md. 102; *Hull* v. *Deering,* 80 Md. 432.

In the case at bar, according to the undisputed facts, the records of the Circuit Court for Montgomery County and of the Orphans' Court, disclosed on the 2nd day of February, 1909, the date of the deed of trust, that the title to the property stood in the name of the grantor, and that, too, by the adjudication of both Courts, dated in the month of December, 1908, in proceedings in which the appellants had been parties of record in those Courts.

It is admitted that neither the mortgagee or the trustees, or the attorney of either of them, had any notice or knowl-edge of any of the alleged rights of the appellants, or of the fraud alleged in the bill.

John O. Houston was not only present at the trial of the first caveat, but a party to the proceedings in both Courts, and it is conceded that he not only consented to the submis-sion of the case to be tried by the Court, sitting as a jury, but it is admitted that he subsequently received the sum of $500 which was raised by the mortgage, on the real estate in question. It is difficult then to see upon what theory, under such circumstances, he can have any standing in a

Court of equity for the relief he seeks, on the record now before us.

While it is contended that the appellant, William T. Houston, was not present at the trial, it appears that he was represented by a duly authorized attorney and the issues were submitted on behalf of both caveators and caveatee to the Court sitting as a jury for trial. Whatever was done by the attorney within the scope of his duty, in the progress of the trial of the case, in the absence of proof to the contrary, will be presumed to have been done by the authority of the appellants. *Jones* v. *Horsey,* 4 Md. 306; *Ward* v. *Hollins,* 14 Md. 158; *Dorsey* v. *Kyle,* 30 Md. 512; *Lanahan* v. *Heaver,* 77 Md. 605.

The Circuit Court undoubtedly had jurisdiction to hear and determine the case, and its findings carried with it the presumption of regularity in every respect. *Hayes* v. *Brotzman,* 46 Md. 519; *Tinges* v. *Moale,* 25 Md. 480; *League* v. *State,* 36 Md. 265; *Sheppard* v. *Willis,* 28 Md. 631.

By sec. 8, Art. 4, of the Constitution of the State, it is provided that parties to any cause may submit the same to the Court for determination, without the aid of a jury, and it has been the accepted practice in this State to regard issues sent by the Orphans' Court to a Court of law for trial as "a cause" within the meaning of the Constitution, and such issues when submitted are tried by the Court, sitting as a jury. *Dronenburg* v. *Harris,* 108 Md. 597.

But apart from this, it will be seen, that on the 2nd of February, 1909, the date of the deed of trust, a caveat had been filed to the will and the issues had been decided in favor of the caveatee by a Court of competent jurisdiction. A decree of probate had been passed by the proper Court and the judgment of both Courts stood unreversed, and unassailed.

In *McCambridge* v. *Walraven,* 88 Md. 378, CHIEF JUDGE BOYD, in delivering the opinion in that case, said, an application to strike out a judgment admitting a will to probate

after contest on the ground of fraud must be made within a reasonable time after the discovery of the fraud. The general rule being that an application to strike out a judgment must be made within the time allowed to take an appeal after knowledge of the facts relied on. *Taylor* v. *Carroll,* 89 Md. 34; *Worthington* v. *Gittings,* 56 Md. 542; *Redman* v. *Chance,* 32 Md. 52; *Stanley* v. *Safe Deposit Co.,* 88 Md. 407; *Munnikhuysen* v. *Magraw,* 57 Md. 185.

It is inconceivable, under the facts of this record, that the appellants did not know and were not aware of the existence of the proceedings in both courts on the first caveat, before and until the 26th of October, 1909, the date when they intervened by petition, in the Orphans' Court of Montgomery County to vacate and set them aside. The appellant, John O. Houston, was not only present, but consented to all the proceedings, in both courts, and actually consented to the execution of the deed of trust itself, and received a part of the money. The petition alleges, that both of them were aware of every fact, which they rely on as fraud, on the 9th of August, 1909, even if they were not advised of it before that date.

It is difficult to see, even if we assume there was fraudulent conduct on the part of the grantor and John O. Houston, how it could bind the defendants or affect the validity of the deed, because there is no proof that the appellees were parties to it, or had any knowledge of it. *Pacy* v. *Cosgrove,* 113 Md. 315; *Van Bibber* v. *Reese,* 71 Md. 608.

So far as the validity or invalidity of the second proceedings or subsequent judgment of the Orphans' Court of Montgomery County, in setting aside the will, we express no opinion, except to hold that they must be treated as void and of no effect, in so far as the rights of the appellees are concerned, on this record.

Finding no error in the order of the Circuit Court for Montgomery County, appealed against, it will be affirmed.

*Order and decree affirmed, with costs.*