## WILLIAM M. HARRISON AND ELLA HARRISON, HIS WIFE,

*vs.*

## RUXTON M. RIDGELY AND EDWARD L. WARD.

*Appeal—Review—Matters Not in Record—Presumptions.*

A decree which recited an agreement by counsel to have the court pass on the questions presented by considering the bill, answer and the exhibits, "and statements of counsel for the respective parties," and stated that the court, in rendering such decree, acted upon such agreement, could not be reviewed by the Court of Appeals in the absence from the record of the statements of counsel.                                                                p. 142

The decree in effect reciting that it was based in part upon the statements of counsel, it must be assumed on appeal that it was so based, in the absence of anything in the record to the contrary.                                                                                                     p. 143

The circuit court for a county, sitting in equity, being a court of record, on appeal from the decree of such a court it will be presumed, in the absence of anything in the record to the contrary, that the decree is correct.                                              pp. 142, 143

*Decided November 14th, 1923.*

Appeal from the Circuit Court for Prince George's County, In Equity (BEALL, J.).

Bill by William M. Harrison and Ella Harrison, his wife, against Ruxton M. Ridgely and Edward L. Ward to enjoin a sale under a deed of trust. From a decree for defendant Ward, as surviving trustee, said Ridgely having died after the filing of the bill of complaint, plaintiffs appeal. Dismissed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Richard B. Tippett,* with whom were *J. Royal Tippett* and *William Stanley* on the brief, for the appellants.

*Edward L. Ward,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On and for some time prior to April 7th, 1920, the appellants in this case owned a lot of ground in the town of Laurel, Maryland, a part of which was improved by a hotel building and its appurtenances. It was at that time encumbered by a mortgage for $5,600 to Louis T. Clark, guardian, which, being in default, he was about to foreclose.

To prevent the threatened foreclosure and to avert the loss which they felt would result from a forced sale of the property, they sought the aid of Messrs. Edward L. Ward and Ruxton M. Ridgely (since deceased), members of the Baltimore City Bar, and as a result of their negotiations with them the appellants, on April 7th, 1920, conveyed the Laurel property to Messrs Ward and Ridgely upon the following trusts:

"First: To take possession of said property and the improvements thereon and the appurtenances thereto belonging, and to divide or sub-divide the said property into such number of lots or parcels and with such frontage and depth to each lot or parcel as said Trustees may determine in their judgment advisable, and to sell at public sale or on such notice as they may believe necessary, or at private sale, said property in its entirety or in such lots or parcels when divided or sub-divided by them as in their judgment they may deem best, and to grant and convey said property in its entirety, or in such lots and parcels, to the purchaser or purchasers, public or private sale, his, her or their heirs and assigns forever in fee simple.

"Second: To receive, take and receipt for the purchase money derived from the sale of said property, whether in its entirety or in lots and parcels, and

whether at public or private sale and apply the same in the following manner:

"(a) To the payment in full of the balance due on a mortgage upon said property given to Louis D. Clark of Howard County, Maryland, dated March 31, 1917, and recorded in Liber 122, folio 172, etc., one of the Land Records of Prince George's County, together with any and all interest due thereon to date of settlement.

"(b) To the payment of all taxes and other public charges due upon said property properly chargeable thereto and to the time of the transfer of said property to the purchaser or purchasers.

"(c) To the payment of the necessary cost and expenses of advertising, auctioneer fees and surveyor's charges incident to a division of said property into lots and parcels, as heretofore provided, and to properly present said property for public sale.

"(d) To the payment of a commission of ten per cent. to said Trustees upon the total gross amount of said sale or sales, whether made publicly or privately; in full compensation for their services in administering said trust and in carrying out the terms and provisions of this deed.

"(e) To the payment of the balance of the fund remaining from the sale of said property after the payments hereinbefore specified to the parties of the first part, their executors, administrators and personal representatives."

Acting under the authority conferred by that paper, Messrs. Ward and Ridgely, on November 20th, 1920, filed in the Circuit Court for Prince George's County a bill of complaint against Louis T. Clark individually and as guardian, mortgagee, to restrain the foreclosure of the $5,600 mortgage, to obtain an accounting from him for monies paid on account of the mortgage, and to have $1,000 of the mortgage debt declared to be usurious. A decree was eventually

passed in that proceeding, which declared that $500 of the mortgage debt had been paid and that Clark was indebted to the mortgagors in the sum of $500 for usurious payments which he had received from them. The mortgage was thus reduced to $5,100 and the decree against Clark for $500 was settled for $325, which he paid to the trustees in cash.

Subsequently the hotel property was sold for $6,500, the old mortgage was released and a new mortgage for $4,250, reduced subsequently to $3,750, to run for three years, was placed on the property. After these things had been done Messrs. Ward and Ridgely sent the appellants a statement of the amount due them for advances and services, and when the appellants disclosed no intention to pay that indebtedness, the trustees advertised for sale all the property conveyed by the deed of trust except the hotel property, whereupon the appellants filed the bill of complaint in this case to prevent that sale. In that bill they ask for the following relief: (1) that the court assume jurisdiction of the trust, (2) that it declare the purpose of the deed of trust to have been accomplished, (3) that the defendants be required to convey to the appellants all of the trust property held by them, (4) that they be restrained from aliening or encumbering any trust property, and (5) that an accounting be had between the appellants and the trustees. In their bill the appellants indirectly deny that the trustees are entitled to any compensation for services because, they say, the only claim which the trustees could have to compensation under the deed of trust depended upon sales made by them, whereas part of the property has not been sold at all, and the remaining part was sold through the efforts of the appellant William M. Harrison.

We have said that the bill indirectly denied that the appellants owed the trustees anything for the services they had rendered, for while it contains no direct denial, yet the complaintants must have had some purpose in filing the bill, and as its phraseology by insinuation and innuendo rather than

by plain statement invites attention to the nature and basis of the trustees' claim for compensation and reimbursement, we have assumed for the purposes of this opinion that the appellants meant to deny that the trustees were entitled to such compensation and reimbursement. Otherwise the entire proceeding would be wholly futile and meaningless.

The details of the trustees' charges for compensation are set out in a letter addressed by Mr. Ridgely to Mr. Harrison, which in part reads as follows:

> "I am enclosing herewith a full statement of the transactions regarding the Clover Leaf Inn, by which it appears that Mr. Ward and I are entitled to $1,017.26 for cash advanced and expenses, which, together with our fee of $1,500, entitles us to $2,517.26.
>
> Our fee is arrived at by charging $300.00 for trying the Clark case plus a charge of ten per cent. on the value of the property at your own valuation, as follows:
>
> Property sold for..........................$6,500.00
> 70 feet retained on Main Street............ 2,800.00
> 200 feet on Second Street.................. 2,000.00
> Clark judgment ...........................    500.00
> Meadow lot ...............................    200.00
> 
>                                $12,000.00
> Our fee of 10% on the value of the property$1,200.00
> Charge for trying the Clark case...........    300.00
>
>                                 $1,500.00
> After paying us the $1,017.26 advanced and the $1,500.00 fee, or $2,517.26, you will have, according to your own valuation of the property:
> Meadow lot................................  $200.00
> 17 acres, valued at.......................  1,200.00
> 70 feet on Main Street....................  2,800.00
> 200 feet on Second Street.................  2,000.00
> Note of Mrs. Osborn.......................    500.00
> Clark judgment ...........................    500.00

Difference between the Osborn mort-
    gage of........................... $4,500
And Burgess mortgage of............. 4,250
                           —————        250.00

                                  $7,450.00
Less fee and advances by Ridgely and Ward. 2,517.26

                                  $4,932.74"

Their claim for advances is based upon payments made by them on account of the property, for such expenses as interest, court costs, taxes, recording costs, the fees of title examiners, commissions on loans, and the like.

The defendants answered the bill, and in their answer they set out in great detail the nature and character of the services rendered by them, as well as the money advanced by them in order to bring to a successful close the trust which they had assumed. It is unnecessary to refer to the answer farther than to say that it positively asserts that the hotel property was sold through the trustees, that the advances made were proper and essential to the successful administration of the trust, and that the charges for compensation based upon commissions on the estimated value of the unsold property are fair and proper charges.

The conflicting averments of the bill and the answer respectively presented issues of fact which in ordinary course would have been determined by evidence, or by setting the matter down for a hearing on bill and answer, which would have amounted to a demurrer to the answer and would have admitted the truth of its allegations, and that the allegations of the bill denied by the answer were disproved. *Fletcher, Equity Pl. & Pr.,* par. 677; *Miller, Equity,* par. 255. But neither of these courses was followed, and there is nothing contained in the record before this Court which shows with any certainty what was done between the filing of the defendants' answer and the court's final decree, except that

there was a motion for the dissolution of the injunction, and an order of court filed on January 2nd, 1923. Aside from the recitals of the decree itself, there is nothing in the record to indicate that there was a hearing, or that the motion to dissolve the injunction was ever set down, or what the order was which the court signed on January 2nd. The only source from which any information may be had as to what took place subsequent to the filing of the defendants' answer is the decree itself, which we will quote in full. It reads as follows:

"The above cause coming on to be heard upon motion of the defendants to dissolve the injunction in this cause, and the parties hereto agreeing, through counsel, to have the whole case heard upon said motion, and the Court having read the papers in this cause, counsel for the respective parties agreed in open court to have the court pass upon the questions presented by the bill and answer, by considering the bill, answer and exhibits in this case, and statements of counsel for the respective parties hereto, and the court acting upon said agreements, is of opinion that Edward L. Ward, the surviving trustee in this cause, is entitled to be paid the sum of $2,064.09, for cash advanced, counsel fees, commissions and expenses, in the administration of said trust estate.

"It is therefore, this 12th day of January, 1923, by the Circuit Court for Prince George's County, in Equity, ordered and decreed, that the defendant, Edward L. Ward, as surviving trustee, is entitled to be paid the sum of $2,064.09, in full, for cash advanced, fees, commissions and expenses incident to the administration of said trust estate, and a decree is hereby entered in favor of said surviving trustee, against the plaintiffs, William M. Harrison and Ella Harrison, his wife, for said sum of $2,064.09, with interest, from this date, including the costs of this cause; and it is further ordered and decreed that the said William M. Harrison and Ella Harrison, his wife, shall within thirty days

from date, pay said amount with interest and costs, and
in the event that the plaintiffs do not comply with this
decree within thirty days from the date hereof, then
said surviving trustee is hereby authorized and directed
to sell at public sale such portion or all of said property
if necessary, in order to satisfy this decree with inter-
est and costs, but if the plaintiffs shall pay and satisfy
said decree, with interest and costs, within said thirty
days, then said surviving trustee shall reconvey all
property in his possession, real and personal to the
said William M. Harrison and Ella Harrison, at their
cost and expense."

When the case reached this Court the appellees moved to
dismiss the appeal and that motion contains these statements:

"1.   That the decree in this cause was passed by the
lower court upon the agreement of counsel for both
parties, in open court, without submitting any testi-
mony, the court reciting in its decree:

" 'Counsel for the respective parties, *agreed in Open
Court,* to have the Court pass upon the questions pre-
sented by the bill and answer, by considering the bill,
answer and exhibits in this case, *and Statements of
Counsel,* for the respective parties thereto, and the
Court, *acting upon said agreement,* is of the opinion
that Edward L. Ward, the surviving Trustee in this
cause, is entitled to be paid the sum of $2,064.09, for
cash advanced, counsel fees, commissions and expenses
in the administration of said Trust Estate.'

"2.   That statements of Counsel were made verbally
to the lower Court as well as statements of the parties
in interest, and that such statements are not in the
record, and were not taken down by a stenographer, as
the matter was presented to the Court, by consent and
agreement of counsel for the respective parties, with
the purpose and intention of having the lower court
amicably settle the amount due the appellees.

"3.   That the court under the circumstances cannot
properly pass upon the questions decided by the lower

court, as the facts and statements before that court are not in this record, and as it was an agreement and settlement of the matters in dispute, the lower court acting as in its decree set forth.

"4. The lower court acted upon the agreement of the parties, accepted verbal statements of counsel for both sides, and passed its decree reducing the amounts claimed by the appellees, and the decree and judgment of the court were assented to and accepted by the parties in interest.

"5. The court then gave counsel for the appellants thirty days from the date of the decree, January 12th, 1923, in which to pay the money, and on February 12th, 1923, which was the 31st day, they filed an appeal. The transcript of the record was not filed until May 10th, 1923, which was the eighty-ninth day, the time expiring on May 12th, 1923."

By reference to the decree it appears that it is based upon the bill, answer, exhibits and the "statements of counsel for the respective parties" and it further appears that counsel for the respective parties agreed in open court that the court should "pass upon the questions presented by the bill and answer by considering the bill, answer, exhibits in this case, and statements of counsel for the respective parties." The bill, answer and exhibits are before the Court, but there is nothing before us to show upon what "statements of counsel" the lower court acted, and we have an appeal therefore from a decree which by its own terms is based upon matters and facts of which we have no knowledge. The statements of counsel must have been accepted by the lower court as equivalent to an agreed statement of fact, and obviously we cannot review the action of the trial court in dealing with such facts unless we know what they were. The Circuit Court for Prince George's County in equity is a court of record, and was in this case sitting in the exercise of its general jurisdiction as a court of chancery. Upon appeal from the decree

of such a court, the appellate court will presume, in the ab-
sence of anything in the record to the contrary, that the
decree appealed from is correct. The general rule applicable
under such circumstances is thus stated in 4 *C. J.* 731: "It
is a general rule of wide application that an appellate court
will indulge all reasonable presumptions in favor of the
correctness of the judgment, order, or decree from which
the appeal was taken. In other words it will be presumed on
appeal, in the absence of a contrary showing, that the trial
court acted correctly and did not err. Indeed error is never
presumed on appeal, but must be affirmatively shown by the
record, and the burden of so showing it is on the party alleg-
ing it, or, as sometimes stated, the burden of showing error
affirmatively is upon appellant or plaintiff in error."

We must also assume, in the absence of anything in the
record to the contrary, that the decree is based in part upon
the statements of counsel, which do not appear in the record.
*Fersner* v. *Bradley*, 87 Md. 490; *Smith* v. *Shaffer*, 46 Md.
573; *Hayes* v. *Brotzman*, 46 Md. 519.

And since the decree determined issues of fact, and since
the learned judge who decided the case below, in passing that
decree, must have been influenced by the "statements" of
counsel, which by agreement were to be considered by him in
forming the decree, in the absence of anything in the record
to show what those statements were, we must assume that the
decree was correct. While the citation of authority in sup-
port of principles so generally accepted appears unnecessary,
we may refer to the case of *Wilson, In re Martin*, 135 Md.
198, in which the Court, through JUDGE PATTISON, said:
"But the record does not contain the facts or evidence heard
by the court upon which this order refusing to rescind or
annul the previous order of the court admitting said paper
writing to probate was passed, although the order itself states
that the parties in interest were heard. As the facts are
not in the record, and consequently not before us for our con-
sideration, we, of course, cannot upon such facts, unknown to

us, determine the question whether or not the orphans' court correctly decided thereon the questions presented to it, but as the facts were before that court and were considered by it in reaching its decision, there is a presumption in favor of the correctness of the court's finding thereon. *Wingert* v. *Albert* 127 Md. 85; *Wingert* v. *State,* 129 Md. 28." And to the same effect is *Reid* v. *Forsythe,* 99 Md. 365, in which it is said: "Manifestly the decree we are reviewing cannot be disturbed unless we find in the record before us sufficient to convince us there was error either in applying the law to the facts or in the conclusions upon the facts which controlled the decision of the court whose action is here drawn in question."

For the reasons we have stated it follows that we cannot review the propriety of the action of the trial court in fixing the compensation to be allowed the trustees for their services, and in passing upon their claim for reimbursement for advances made by them, and that the appeal in this case must be dismissed.

*Appeal dismissed, with costs to the appellee*